The chief controversy in this case turns upon the construction to be given Section 614-86, General Code (110 Ohio Laws, 214). An analysis thereof shows that the Commission is clothed with power and authority to do the following things: (1) Supervise and regulate motor transportation companies; (2) fix, alter, and regulate rates; (3) regulate service and safety of operation; (4) prescribe safety regulations and designate stops for service and safety on established routes; (5) require the filing of reports; (6) provide uniform accounting systems; (7) supervise and regulate motor transportation companies in all other matters affecting the relationship *Page 69 
between such companies and the public. And by the terms of said section the power of municipalities to make reasonable local police regulations within their respective boundaries is recognized. Therefore the court is of opinion that, if the municipality does not interfere with the general powers of the Public Utilities Commission, it may, by suitable police regulations, control, direct, and manage its streets and the traffic thereon, and the conclusion reached is that these ordinances are not an unreasonable local police regulation relating to traffic, reciting as they do that it is intended to make the streets less congested and less dangerous to pedestrians and the public generally, and may be so enforced as not to materially lessen the efficiency of the utility. Of course, under the guise of so regulating traffic, a city may not materially interfere with the general efficiency of the utility authorized by the Public Utilities Commission within its jurisdiction.
These two powers, one of the state through the Commission, and the other of the municipality in the control of its streets, should be exercised together and consistently, and under the statute and under the Constitution this joint exercise of power is recognized, and no conflict should be permitted to arise which would lessen the sovereign power of the state and still preserve proper local self-government.
Since this action was begun, the Legislature has simplified the problem by further legislation, but the same can have no bearing in this action.
Entertaining the view that the ordinances of the city of Lorain are regulatory in character, and *Page 70 
are reasonable police regulations which may be enforced so as not to materially lessen the efficiency of the utility sanctioned by the Commission, it is unnecessary to discuss other features of the case. It is therefore ordered that the findings of the Commission be reversed and the same remanded to the Commission for further modification, alteration, and amendment of their orders in accordance with this opinion.
Order reversed.
JONES, MATTHIAS, DAY and ROBINSON, JJ., concur.
MARSHALL, C.J., ALLEN and KINKADE, JJ., concur in the judgment, but not in the reasons stated in the per curiam
opinion.