Marshall, C. J.
 

 A single legal question is presented for determination, viz., whether the limitations of Section 3628, General Code, apply and control municipal legislation relating to “local police, sanitary and other similar regulations.” Section 3628, General Code, provides that all municipal corporations shall have general power “to make the violation of ordinances a misdemeanor, and to provide for the punishment thereof by fine or imprisonment, or both, but such fine shall not exceed five hundred dollars and such imprisonment shall not exceed six months.”
 

 The ordinances of the cities of Youngstown and Cleveland, respectively, provide penalties in excess of this limitation. If the Code section is effective as a limitation, the ordinances are clearly invalid. Section 3, Article XVIII, of the Constitution, provides: “Municipalities shall have authority to exercise all powers of local self-government and to adopt
 
 *345
 
 and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws.”
 

 It has been decided numerous times by this court that municipalities derive their authority to enact municipal legislation relating to minor offenses directly from the Constitution, limited only by the proviso that such municipal legislation shall not conflict with general laws. Section 3628 is a general law in the limited sense .that it operates uniformly throughout the state. It is not a general law in the sense of prescribing a rule of conduct upon citizens generally. It is a limitation upon law making by municipal legislative bodies. Prior to the enactment of Sections 3 and 7 of Article XVIII of the Ohio Constitution in 1912, above code section was állpowerful and supreme in its regulation of municipal law making. The amendments of 1912 necessarily operated as a repeal of any statutes then existing, in conflict therewith. This would have been true without any constitutional mandate to that effect. The Constitutional Convention of 1912 did not, however, leave that to inference, but submitted to the people for adoption, and the people in fact adopted, a schedule which provided that all statutes then in force consistent with the new Constitution should remain in force, and all repugnant statutes be by implication repealed.
 
 State
 
 v.
 
 Cameron, 89
 
 Ohio St., 214, 106 N. E., 28;
 
 Cass
 
 v.
 
 Dillon, 2
 
 Ohio St., 607. It is apparent that the Constitution and Section 3628, G-eneral Code, pertain to the same subject matter, and that the statute restricts the power which the Constitution confers.
 

 The validity and scope of Section 3628 may prop
 
 *346
 
 erly be tested by supposing an extreme ease. Let it be supposed that it provided for a complete prohibition upon municipal legislation. Manifestly such a law would not be effective to take away the power conferred upon municipalities by the plain provisions of the Constitution. Or let it be supposed that Section 3628 provided that municipalities should not impose any fine in excess of one dollar for violation of any police or sanitary ordinance, and that it prohibited punishment by imprisonment altogether. No one would contend that such an indirect effort would be in any wise different in effect from a plain prohibition. This principle was discussed and decided in
 
 Fremont
 
 v.
 
 Keating,
 
 96 Ohio St., 468, 470, 118 N. E., 114.
 

 While Section 3628 is clearly in conflict with the Constitution, it is not necessary to declare that section unconstitutional. This controversy can be disposed of by a declaration that the constitutional provision is clear, and that it confers legislative power upon municipalities without any enabling legislation, and that therefore any legislation enacted either before or after the amendment of 1912 would be ineffective.
 

 Iti is insisted, however, that Section 3628 is a general law, and that the Constitution framers left with the Legislature the power to nullify the constitutional provisions. Necessarily the conflict which limits the municipal local self-government must relate to a conflict with state legislation on the same subject matter. Any conflict with general legislative policies, or any conflicts between matters of local concern, and therefore pertaining to local self-government, such as misdemeanors, on the one hand,
 
 *347
 
 and matters of general concern, and therefore pertaining to the peace and dignity of the entire state, snch as felonies, on the other hand, could not have been in the minds of the Constitution framers. If by processes of interpretation this court should establish a rule that any and all municipal legislation relating to “local police, sanitary and other similar regulations ’ ’ should first be found to be wholly free from conflict with all state legislation, even though the same should not be even remotely related to the same subject-matter, municipal councils would be seriously handicapped in maintaining law and order, and it is doubtful if any such acts could be made to meet the test. This court has repeatedly declared that any alleged conflict must relate to the same subject-matter.
 
 Fitzgerald
 
 v.
 
 City of Cleveland,
 
 88 Ohio St., 338, 103 N. E., 512, Ann. Cas., 1915B, 106;
 
 City of Fremont
 
 v.
 
 Keating,
 
 96 Ohio St., 468, 118 N. E., 114;
 
 Heppel
 
 v.
 
 City of Columbus,
 
 106 Ohio St., 107, 140 N. E., 169;
 
 Village of Struthers
 
 v.
 
 Sokol,
 
 108 Ohio St., 263, 140 N. E., 519. It would serve no useful purpose to repeat the discussions found in the opinions in those cases. No case has been decided to the contrary. The case of
 
 Schneiderman
 
 v.
 
 Sesanstein, ante,
 
 80, 167 N. E., 158, decided by this court May 29, 1929, is not inconsistent with this conclusion. Any other rule would be a strained interpretation of the Constitution and would multiply the work of the courts beyond measure, to say nothing of the increased difficulties of municipal councils. It is more consonant with reason, in interpreting the constitutional provision as a whole, to assume that it was intended to clothe municipalities with power to pre
 
 *348
 
 scribe rules of conduct in all matters relating to local police, sanitary, and other similar regulations, where no rules had been prescribed by the General Assembly; and, as to the matter where the General Assembly had theretofore or might thereafter prescribe rules, the municipal ordinances and regulations would be effective only so far as consistent with general law. That is to say, if the entire ordinance were wholly repugnant to a general law, it would be wholly invalid; if repugnant in certain of its provisions, the repugnant part would be invalid. In the instant case it is conceded that there is no conflict between Section 6212-15, General Code, and the provisions of the ordinances of Cleveland and Youngstown which define the offense of trafficking in intoxicating liquors. It is likewise conceded that there is no conflict between Section 6212-17, which provides the penalties, and those sections of the city ordinances which likewise provide penalties. In
 
 Village of Struthers
 
 v.
 
 Sokol,
 
 108 Ohio St., 263, 140 N. E., 519, it was decided, all the members of this court concurring, that an ordinance would not be invalid because different penalties are provided for in the general law on the same subject, even though greater penalties are imposed by the municipal ordinance. That case also lays down the rule whereby a conflict may be determined. Applying that rule to the instant case, it must be held that there is no conflict.
 

 There has been some discussion of legislative policy. It may be answered that this court has nothing to do with legislative policy and will not interfere with municipal legislation so long as the same bears a reasonable relation to evils existing
 
 *349
 
 and the remedy sought. It may be further observed that there is no difference upon the subject-matter of this controversy between charter and noncharter cities.
 

 The judgment of the Court of Appeals in No. 21722 will be reversed, and the judgment of the trial court affirmed.
 

 The judgment of the Court of Appeals in No. 21775 will be reversed, and writ of
 
 habeas corpus
 
 denied.
 

 Judgments reversed.
 

 Robinson, Matthias and Allen, JJ., concur.
 

 Jones and Day, JJ., concur in the judgment.
 

 Kinkade, J., not participating.