## ERMEKEIL v STATE

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 10571. Decided January 27, 1930

Mr. Joseph Rubenstein, Esq., Cleveland, for Ermekeil.

Mr. Ben Levine, Esq., Cleveland, for State.

VICKERY, PJ.

The sole error complained of in this court is that the ordinance under which this conviction was had was unconstitu-

tional because it provided a penalty of a sum up to Five Hundred Dollars and imprisonment in the Workhouse for a period of six months, or both, and the basis of the claim is upon the fact that the Ohio statute relating to the speed law has a lesser penalty attached to it and that since the City of Cleveland by ordinance permitted an assessment of a greater penalty than the state law for the same offense, therefore such ordinance was unconstitutional.

We think that the whole contention in this case was taken care of recently by the Supreme Court in the case of **In Re Brown, 121 Ohio State, page 216,** where the Supreme Court reversed this court and the Court of Appeals in a similar case of the Seventh District where, sitting in Mahoning County that court held an ordinance to be invalid as did this court, and both cases having been heard together in the Supreme Court, the decisions of both courts of appeals were reversed in the 121 OS. supra.

Now 3628 GC authorizes municipalities to declare certain offenses to be misdemeanors and to assess a fine and imprisonment not to exceed five hundred dollars and not to exceed six months, or both, and in this case this was a misdemeanor and the penalty prescribed in the statute did not exceed that provided for in the General Code, and Judge Marshall in the decision passing upon this in the 121 OS. remarks upon these various statutes.

We do not think that the city transcended its authority in passing this ordinance, inasmuch as it conforms to the powers given in the General Code of Ohio, and we do not think, therefore, that the ordinance is unconstitutioal; but that it is a valid exercise of the legislative powers of the government of the City of Cleveland in passing the ordinance.

There being no further errors urged in the case the judgment will be affirmed.

Levine, J., concurs. Sullivan, J., not participating.