## LEIPSIC (Village) v FOLK

Ohio Appeals, 3rd Dist, Putnam Co
No 255. Decided Mar 28, 1931

A. A. Slaybaugh, Leipsic, for Village.
H. P. Eastman, Ottawa, for Folk.

**KLINGER, J.**

We have carefully read the transcript of the evidence, and are of the opinion that there is abundant evidence to sustain the judgment of conviction in the mayor's court.

The credibility of the witnesses and the weight to be given to the testimony of witnesses, was for the trial court. And in this case there was no evidence offered by the defendant in error to contradict the testimony offered in the mayor's court.

The real crux of this case depends upon the validity of the ordinance under which this prosecution and conviction was had. Counsel for defendant in error contends that this ordinance, being Ordinance Number 397 of the Village of Leipsic, Ohio, is null and void. Section 1 of said Ordinance, reads as follows:

"That whoever is found in a state of intoxication within the corporate limits of said village, or whoever being intoxicated shall disturb the quiet and good order of the citizens of said village within the corporate limits thereof, shall be fined not less than $5.00 nor more than $100.00 and stand committed to the Toledo, Ohio, Workhouse or Village jail until such fine and costs of prosecution are paid or secured to be paid."

Counsel for defendant in error contends that municipalities are creatures of statute and derive all their powers from the laws of the state.

The power of the village to legislate against disturbing the good order and quiet of the corporation, by intoxication or other similar offenses, counsel for defendant in error contends, is delegated under §3664 and §3665, GC.

Sec 3665 GC, limits the punishment to a fine not to exceed $50.00, and counsel for defendant in error contends that the pun-

ishment is an inseparable part of the ordinance, and if the penalty is illegal and excessive, the entire ordinance is void, and cites in support of his contention, the case of **Morris v Conneaut, 20 O.N.P., (N.S.) 289.**

In the instant case, the punishment imposed was $25.00. However, the ordinance authorizes punishment not to exceed $100.00. Counsel contends that the mere fact that the fine imposed did not exceed the limit prescribed by §3665 GC, does not save the validity of the ordinance or the conviction.

There is considerable authority in Ohio in support of the contention of counsel for defendant in error. However, it is our opinion that the authorities are premised upon interpretations of the law and the Constitution prior to the adoption of the Constitution of 1912.

According to the Supreme Court of the State of Ohio, as expressed in **Village of Struthers v Sokol, and City of Youngstown v Sandela, 108 Oh St 263,**

"Municipalities in Ohio are authorized to adopt local police, sanitary and other similar regulations by virtue of Section 3 of Article 18, of the Ohio Constitution, and derive no authority from, and are subject to no limitation of, the General Assembly, except that such ordinances shall not be in conflict with general laws.

"In determining whether an ordinance is in 'conflict' with general laws, the test is whether the ordinance permits or licenses that which the statute forbids and prohibits."

"A police ordinance is not in conflict with a general law upon the same subject merely because certain specific acts are declared unlawful by the ordinance, which acts are not referred to in the general law, or because different penalties are provided for the same acts, even though greater penalties are imposed by the municipal ordinance."

It is the spirit and the pronouncement of the decisions since the adoption of the new Constitution, that by virtue of Sec 3 of Art 18 of the Ohio Constitution, as amended in 1912, municipalities of the state have police power directly conferred by the people in all matters of local self-government and that upon all the subjects covered in those cases, municipal legislation was a valid exercise of the local police power.

Again, in **121 Oh St,** page 342, the Supreme Court in the case of **City of Youngstown v Evans,** said:

"Sec 3628 GC, is not a law defining offenses and perscribing the punishment thereof and is not therefore effective to

bring an ordinance purporting to define and punish offenses in conflict with Section 3. Article 18, of the Constitution."

And in our opinion, this is the identical question involved in the case at bar. The facts in that case, and the case at bar, are comparable.

In that case, the City of Youngstown provided penalties in excess of the limitation fixed in §3628 GC. The Supreme Court said that if the code section is effective as a limitation, the ordinances are clearly invalid, but Sec 3, Art 18, of the Constitution provides municipalities shall have authority to exercise all power of local self-government and to adopt and enforce within their limits, such local police, sanitary and other similar regulations that are not in conflict with general laws.

This court therefore is of the opinion that the mere fact that Section 1 of Ordinance Number 397 of the village of Leipsic, provides that a fine of not more than $100.00 may be imposed, and that §3665 GC provides that the fine shall in no case exceed $50.00, does not invalidate the ordinance of the village of Leipsic.

The finding and judgment of the Court of Common Pleas reversing the mayor's court of the Village of Leipsic, will be reversed and the finding and judgment of the mayor's court of the village of Leipsic is affirmed, and the cause will be remanded for execution.

Before JUDGES JUSTICE, CROW and KLINGER.