cinnati is without jurisdiction to hear complaints charging failure to provide.

For these reasons, the prayer of the petition should be granted, and the petitioner discharged from custody.

For these reasons, I dissent from the opinion just announced.

KISTLER *v.* CITY OF WARREN.

(Decided January 12, 1937.)

*Mr. G. H. Birrell,* for plaintiff in error.
*Mr. George Buchwalter,* for defendant in error.

NICHOLS, J. An affidavit was filed in the Municipal Court of Warren charging that on or about the twenty-first of February, 1935, at the county of Trumbull and in the city of Warren, one Dana Kistler did unlawfully violate City Ordinance No. 2394, Section 75, to wit: Did unlawfully operate a motor vehicle on the highway of the city of Warren while in a state of intoxication.

Section 75 of City Ordinance No. 2394 is as follows: "Whoever operates a motor vehicle of any kind upon any public highway or street in the city of Warren while in a state of intoxication, or under the influence of alcohol, narcotics, or opiates, upon conviction thereof, shall be punished by a fine not less than one hundred dollars nor more than five hundred dollars, or imprisoned in the city jail for not less than thirty days nor more than six months or both, and shall be suspended from the right to operate a motor vehicle for not less than six months nor more than one year; and whoever operates a motor vehicle upon any public highway or street in the city of Warren during the time he or she has been suspended from such operation under the provisions of this section, shall be guilty of a misdemeanor and shall be imprisoned in the city jail for not less than six months nor more than one year.

"For second or subsequent offense of driving while intoxicated shall be suspended from the right to operate a motor vehicle for not less than one year nor more than five years. No person shall be charged with a second or subsequent offense unless such fact is set forth in the affidavit charging the offense."

The defendant waived reading of the affidavit and entered a plea of not guilty. The case coming on for trial, the court swore the witnesses, one of whom was called to the witness stand and a question propounded to him by counsel for the city of Warren. At this point

counsel for the defendant first moved that the case be dismissed for lack of proper affidavit. Upon this motion being overruled, counsel for the accused made application for jury trial, which motion was overruled and exception noted, the court causing the record to show waiver of reading affidavit and witnesses sworn before motion was made. The trial proceeded, evidence being offered for and on behalf of the city as well as for and on behalf of the accused. The record does not show any motion on behalf of the accused at the conclusion of the evidence offered on behalf of the city. At the conclusion of all the evidence and argument of counsel, the court inquired of the accused if he had anything to say why sentence should not be pronounced. To this inquiry no answer is indicated in the record. Thereupon, the record shows the following:

"Court finds defendant guilty as charged in the affidavit. The sentence of the court is: Pay a fine of $100, driving license be suspended for period of one year, ninety days in the city jail, and pay the costs of prosecution; until otherwise discharged according to law."

The above quoted language of the court setting forth the sentence of the court is taken from the bill of exceptions. The transcript of the criminal docket differs slightly in language and is as follows:

"It appears to the court that said defendant is guilty as charged in the complaint and does adjudge and sentence that said defendant pay a fine of $100, and the costs of prosecution, taxed at $21, driving suspended for one year, ninety days in city jail and that he be committed to and imprisoned in the jail of said city until such time is served and said fine and costs are paid, or he is otherwise legally discharged; he to receive credit upon such fine and costs at the rate of $1.50 per day for each day's imprisonment."

Motion for new trial being filed and overruled, the

accused filed his petition in error in the Common Pleas Court of Trumbull county wherein the judgment of the Municipal Court was affirmed. The cause is now in this Court of Appeals on petition in error filed by Dana V. Kistler praying reversal of the judgments below. Seven grounds of error are alleged in the petition in error, but in brief filed in this court plaintiff in error relies upon three propositions, to wit:

(1) The judgment of the Municipal court is against the weight of the evidence;

(2) The ordinance of the city of Warren is unconstitutional in that it provides a punishment in excess of the powers of the municipality to provide;

(3) The trial court erred in admitting evidence and rendering a judgment under the provisions of the ordinance of the city.

The brief of counsel for plaintiff in error does not call our attention to the admission of any incompetent testimony, and from our examination of the evidence contained in the bill of exceptions we are unable to find that any prejudicial error was committed by the trial court in the admission of evidence.

The petition in error alleges a further ground for reversal of the judgment of the lower court, to wit: That the trial court erred in overruling the motion of the accused for a jury trial. It will be observed from what we have already stated that the application of the accused for a jury trial was not made until after the witnesses were sworn and the examination of one witness on behalf of the city was in progress.

Section 1579-1471, General Code, provides:

"All causes in the Municipal Court, both civil and criminal, shall be tried by the court unless a jury trial be demanded by a party entitled to the same. * * * In all criminal cases, in which the accused is entitled to a jury trial, a demand for a jury trial must be made

by the accused before the court has proceeded to inquire into the merits of the cause; otherwise, a jury shall be deemed to be waived and the cause shall be tried by the court. * * *''

The demand for a jury trial in this case not having been made by the accused before the court proceeded to inquire into the merits of the cause, it was within the sound discretion of the trial court to refuse the demand made for jury trial and we find no abuse of such discretion.

The claim of the plaintiff in error that the judgment of the trial court is not sustained by the evidence is based upon the proposition that the evidence is insufficient to show beyond a reasonable doubt that Dana Kistler was operating a motor vehicle in the city of Warren upon the day and at the time in question.

It is conceded that Dana Kistler was at the time alleged in the affidavit in his own automobile which had immediately theretofore been operated upon a public street in the city of Warren, and that he was found in his automobile in a state of intoxication immediately after the automobile had collided with another car and had proceeded over the curb onto the sidewalk. That Dana Kistler was intoxicated at the time was admitted by him and testified to by every witness in the case. When arrested and taken to the city jail immediately after being found in his automobile in a state of intoxication, Dana Kistler told the police officer that he was alone in the car and that he was the operator thereof at the time it collided with the other vehicle. Certain witnesses offered on behalf of the city testified that they saw another person in the automobile when the officers first arrived upon the scene; and one of the police officers identified this other person as George Fenton. The testimony offered on behalf of the accused tended to show that he and certain of his friends, including George Fenton and

his wife, had been at Stone's Grill in Warren a short time preceding the arrest; that Kistler became so drunk that he could not operate his car, and that George Fenton undertook to take the accused home and that he, George Fenton, was driving the car at the time of the collision. George Fenton did not testify in the case, although it appears from the record that he was present in the court room at the time of the trial. The accused testified that he was too drunk to drive the car and that he did not know who was operating it at the time of the collision. The testimony is conflicting but the trial court, sitting as a jury, would undoubtedly give great weight to the admission of the accused, made immediately following his arrest, that he was the sole occupant of the car and that he was the operator thereof at the time in question. This court is unable to unanimously agree that the finding of the trial court was insufficient to show the guilt of the accused beyond a reasonable doubt and we can not reverse the judgment of the trial court on the weight of the evidence.

The most serious contention made on behalf of the plaintiff in error and the question which has given this court the most concern is the claim of the accused that the ordinance of the city of Warren is unconstitutional in that it violates the provisions of Section 3, Article XVIII, of the Ohio Constitution, and that the provisions of the ordinance are in excess of the powers granted to municipal corporations under Section 3628 of the General Code of Ohio.

As a part of the general powers conferred by Part First, Title XII, Division II, Chapter 1, of the General Code upon municipal corporations, such corporations are authorized by Section 3628, General Code, as follows:

"To make the violation of ordinances a misdemeanor, and to provide for the punishment thereof by

fine or imprisonment, or both, but such fine shall not exceed five hundred dollars and such imprisonment shall not exceed six months." (99 Ohio Laws, 9.)

Section 3628, General Code, was originally adopted in 1902 as a part of Section 1536-100, Revised Statutes, the original enactment preceding the adoption of Section 3, Article XVIII, of the Ohio Constitution, as amended in 1912, since which amendment municipalities of the state have police power directly conferred by the people in all matters of local self-government.

Section 3, Article XVIII, of the Constitution, as amended in 1912, provides:

"Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws."

The ordinance of the city of Warren, under which the present action was instituted, provides for a greater penalty for violation thereof than that prescribed in Section 3628, General Code. The question, therefore, is whether the provisions of the ordinance whereby a different and greater penalty is imposed by the ordinance than that prescribed in Section 3628, General Code, gives rise to a conflict between the ordinance and the general law. Since "conflict" with general law is the sole limitation placed upon municipalities by the Constitution as amended in 1912, it becomes apparent that we must look to the interpretation given by our courts to the term "conflict."

We quote the syllabus of the cases of *Village of Struthers* v. *Sokol* and *City of Youngstown* v. *Sandela,* 108 Ohio St., 263, 140 N. E., 519:

"1. Municipalities in Ohio are authorized to adopt local police, sanitary and other similar regulations by virtue of Section 3, Article XVIII, of the Ohio Con-

stitution, and derive no authority from, and are subject to no limitations of, the General Assembly, except that such ordinances shall not be in conflict with general laws.

"2. In determining whether an ordinance is in 'conflict' with general laws, the test is whether the ordinance permits or licenses that which the statute forbids and prohibits, and vice versa.

"3. A police ordinance is not in conflict with a general law upon the same subject merely because certain specific acts are declared unlawful by the ordinance, which acts are not referred to in the general law, or because certain specific acts are omitted in the ordinance but referred to in the general law, or because different penalties are provided for the same acts, even though greater penalties are imposed by the municipal ordinance."

In the opinion in the above cited cases, at page 268, it is stated:

"It is manifest that this branch of the case must turn largely upon the range of meaning to be given the word 'conflict,' and whether differences, where no antagonism appears, will render the ordinances invalid. The Century Dictionary has defined 'conflict' as follows:

" 'Discord of action, feeling or effect; antagonism, as of interests or principles; counteraction, as of causes, laws or agencies of any kind; opposing action or tendency; opposition; collision.'

"Measured by the foregoing definition, it is difficult to observe a real conflict. No real conflict can exist unless the ordinance declares something to be right which the state law declares to be wrong, or vice versa. There can be no conflict unless one authority grants a permit or license to do an act which is forbidden or prohibited by the other. * * * In one of the ordinances a slightly heavier penalty is pro-

vided for a second offense, but it has been repeatedly held in many of the states, including the state of Ohio, that this is no valid objection. *Rossberg* v. *State,* 111 Md., 394, 74 A., 581, 134 Am. St. Rep., 626; *State, ex rel. City of Butte,* v. *District Court,* 37 Mont., 202, 95 P., 841; *Ex parte Ramsey* (D. C.), 265 F., 950; *Town of Van Buren* v. *Wells,* 53 Ark., 368, 14 S. W., 38; *State* v. *Ludwig,* 21 Minn., 202; *City of Quincy* v. *O'Brien,* 24 Ill. App., 591; *Baldwin* v. *Murphy,* 82 Ill., 485; and *City of Lorain* v. *Maraldi,* 19 C. C. (N. S.), 58, affirmed by Supreme Court, without opinion, *Maraldi* v. *City of Lorain,* 81 Ohio St., 539, 91 N. E., 1134.

"It has repeatedly been held that the punishment of an act defined as a crime under a state law does not preclude further punishment as a misdemeanor under a municipal ordinance."

In the cases of *City of Youngstown* v. *Evans* and *In re Brown,* 121 Ohio St., 342, 168 N. E., 844, it is held:

"The power conferred upon municipalities to enforce within their limits local police, sanitary and other similar regulations is only limited by general laws in conflict therewith upon the same subject matter.

"Section 3628, General Code, is not a law defining offenses and prescribing the punishment therefor, and is not therefore effective to bring an ordinance purporting to define and punish offenses in conflict with Section 3, Article XVIII, of the Constitution."

In the last above cited cases the Supreme Court was dealing with certain ordinances of the cities of Youngstown and Cleveland, respectively, providing penalties in excess of the limitation stated in Section 3628, General Code. In the opinion the court says:

"Section 3628 is a general law in the limited sense that it operates uniformly throughout the state. It

is not a general law in the sense of prescribing a rule of conduct upon citizens generally. It is a limitation upon law making by municipal legislative bodies. Prior to the enactment of Sections 3 and 7 of Article XVIII of the Ohio Constitution in 1912, above code section was all-powerful and supreme in its regulation of municipal law making. The amendments of 1912 necessarily operated as a repeal of any statutes then existing, in conflict therewith. * * *

"While Section 3628 is clearly in conflict with the Constitution, it is not necessary to declare that section unconstitutional. This controversy can be disposed of by a declaration that the constitutional provision is clear, and that it confers legislative power upon municipalities without any enabling legislation, and that therefore any legislation enacted either before or after the amendment of 1912 would be ineffective.

"* * * Necessarily the conflict which limits the municipal local self-government must relate to a conflict with state legislation on the same subject matter.

"* * * In *Village of Struthers* v. *Sokol,* 108 Ohio St., 263, 140 N. E., 519, it was decided, all the members of this court concurring, that an ordinance would not be invalid because different penalties are provided for in the general law on the same subject, even though greater penalties are imposed by the municipal ordinance."

In the case of *City of Cincinnati* v. *Sandow,* 40 Ohio App., 319, 179 N. E., 151, the court had before it for review a case wherein Louis Sandow was convicted in the Municipal Court of the city of Cincinnati for reckless driving and wherein the court assessed a fine of $50 and suspended the driving rights of Sandow for a period of fifty days. The ordinance under which Sandow was convicted of reckless driving provided that in addition to and independent of all other penalties provided for therein, the trial court might prohibit

the convicted person from operating or driving a motor vehicle for a period of not to exceed six months. The Common Pleas Court, upon error, reversed the judgment of the Municipal Court, finding invalid that part of the sentence imposing upon Sandow suspension of his driving rights. The Court of Appeals reversed the Common Pleas Court and held the conviction of Sandow authorized under the ordinance. Petition in error to the Supreme Court was dismissed by that court. 124 Ohio St., 656, 181 N. E., 880.

In the case at bar counsel for plaintiff in error further contends that the ordinance of the city of Warren under which plaintiff in error was convicted exceeds the constitutional grant of authority to municipalities to exercise powers of local self-government in that the ordinance does not specifically state that one convicted of violation thereof shall be suspended from the right to operate a motor vehicle in the city of Warren, but attempts to authorize the court to suspend such convicted person from the right to operate a motor vehicle beyond the boundaries of the city and throughout the entire state of Ohio.

It is conceded that at the time of the conviction of plaintiff in error the Municipal Court of Warren was clothed by Section 12607-1, General Code, with power to suspend driving licenses for the violation of state laws, but it is claimed that this section of the General Code does not authorize the Municipal Court to suspend the driving license for the violation of a city ordinance, as has been attempted to be done in this case. It is true that the city relies solely upon the provisions of Section 75 of City Ordinance No. 2394, and it is noted that this ordinance provides that the convicted person may be suspended from "the right to operate a motor vehicle," whereas the sentence of the court provided that the "driving license" of the convicted person be suspended for the period of one year. We

are of opinion that the sentence of the court was not in conformity to the ordinance but that the ordinance is sufficient to authorize the court to suspend the convicted person from the right to operate a motor vehicle within the limits of the city of Warren for not more than one year.

The ordinance in question in this case is almost identical in language with that which was under consideration in the case of *City of Cincinnati* v. *Sandow, supra,* in that the Cincinnati ordinance did not, by its language, limit the power of the court to suspend the right to operate a motor vehicle within the limits of the city of Cincinnati, but in view of the fact that the council of a city can legislate only for the city, we think it would be a strange construction to hold that the language of the ordinance in question was an attempt by the city council to give effect to its ordinance outside the city and throughout the state.

Some claim is made on behalf of plaintiff in error that since the certificate of registration referred to in Section 12607-1, General Code, is the certificate issued by the *state* by virtue of Section 6298, General Code, no authority exists in the city to incorporate into an ordinance a provision taking away the certificate to operate a motor vehicle granted by the state. Since the ordinance in question does not attempt to take away the certificate issued by the state to operate a motor vehicle, we need not here determine the power of the city in that respect, although it may be here noted that Section 12607-1, General Code, has been repealed by Section 6296-36, General Code, effective October 1, 1936, and by Section 6296-16, effective October 1, 1936, the Legislature has provided that the judge of any court of record *shall,* upon plea of guilty or conviction of any person for the violation of any law or ordinance relating to the operation of a motor vehicle, except as to parking a motor vehicle,

cause such fact to be noted upon the operator's or chauffeur's license, and, for the purpose of enforcing the provisions of the act, any court of record now having criminal jurisdiction shall have county-wide jurisdiction within the county in which it is located.

It is the conclusion of this court that no error prejudicial to the defendant below exists upon the record except in the matter of the sentence imposed by the trial court in relation to the suspension of the driving license of the defendant below, and it is the judgment of this court that this cause be remanded to the Municipal Court of the city of Warren with instructions to correct the sentence imposed upon the accused by providing that the accused be suspended from the right to operate a motor vehicle within the city of Warren in place of that part of the sentence which provides that the driving license of the defendant be suspended.

As so modified the judgment of the trial court is affirmed and this cause remanded for imposition of sentence as hereinbefore indicated.

*Judgment modified and affirmed.*

CARTER, P. J., and ROBERTS, J., concur.