IN RE CALHOUN.

(No. 2073—Decided December 19, 1949.)

*Mr. Louis C. Capelle,* for petitioner.

*Mr. Herbert S. Beane,* city attorney, and *Mr. William P. Keane,* for respondent.

WISEMAN, J. This is an action in habeas corpus, originating in this court, in which the petitioner seeks his release from the Dayton workhouse where he is now confined on two sentences imposed by the Municipal Court of Dayton. The petitioner claims that he is unlawfully restrained of his liberty on two grounds:

The petitioner was convicted in the Municipal Court of Dayton in case No. 91457 for assault and in case No. 71415 for assault and battery in violation of ordinance No. 943-2 of the city of Dayton, which he claims is a void ordinance for the reason that it is in conflict with the general laws of this state, particularly Section 12423, General Code. Petitioner claims that he pleaded not guilty and was tried by the court without

the intervention of a jury in violation of Sections 1579-46 and 13442-4, General Code. Being found guilty on both charges, the petitioner was sentenced to one year imprisonment in the Dayton workhouse and the payment of a $1,000 fine in each case, the sentences to run consecutively.

The ordinance under which the petitioner was tried provides that the penalty for assault or assault and battery shall be "not more than one thousand dollars ($1,000), or imprisoned not more than one (1) year in the city workhouse, or both."

Section 12423, General Code, provides that the penalty for assault or assault and battery shall be "not more than two hundred dollars, or imprisoned not more than six months, or both." Section 3628, General Code, is cited by the petitioner in support of his contention that the ordinance is invalid since it prescribes a penalty for a misdemeanor in excess of that prescribed by such Code section. Section 3628, General Code, confers authority on municipalities to provide punishment for violation of city ordinances, and provides as follows:

"To make the violation of ordinances a misdemeanor, and to provide for the punishment thereof by fine or imprisonment, or both, but such fine shall not exceed five hundred dollars and such imprisonment shall not exceed six months."

Petitioner contends that ordinance No. 943-2 of the city of Dayton is invalid because it prescribes a penalty in excess of five hundred dollars and imprisonment in excess of six months.

Under the home-rule amendment of the Ohio Constitution, adopted in 1912, municipalities are given all powers of local self-government. Under this amendment (Section 3, Article XVIII, Ohio Constitution) municipalities derive their authority to enact munic-

ipal legislation relating to minor offenses and such authority is limited only by the proviso that such legislation shall not be in conflict with the general laws.

We have presented for determination the narrow question whether ordinance No. 943-2 is in conflict with the general laws of the state, since the penalty prescribed is in excess of that permitted under Section 3628, General Code, and greater than that prescribed in Section 12423, General Code. It has been held that since the adoption of the home-rule amendment Section 3628, General Code, is ineffective as a limitation on the powers of a municipality to enforce within their limits local police regulations. The only limitation which now exists is that such regulations shall not be in conflict with general laws upon the same subject matter. *City of Youngstown* v. *Evans,* 121 Ohio St., 342, 168 N. E., 844. Whether a municipal ordinance conflicts with the general laws is not determined by the penalties prescribed but rather whether the ordinance permits or licenses that which the statute prohibits and forbids, and vice versa. *State, ex rel. Cozart,* v. *Carran, City Mgr.,* 133 Ohio St., 50, 11 N. E. (2d), 245; *Struthers* v. *Sokol,* 108 Ohio St., 263, 140 N. E., 519; *Kistler* v. *City of Warren,* 58 Ohio App., 531, 16 N. E. (2d), 948; *Village of Leipsic* v. *Folk,* 38 Ohio App., 177; *Ermekiel* v. *State,* 8 Ohio Law Abs., 121; *Marko* v. *City of Youngstown,* 6 Ohio Law Abs., 477. In those cases it was held that a conflict did not arise between a municipal ordinance and the general laws from the fact that the municipal ordinances prescribed a penalty in excess of that permitted by Section 3628, General Code.

The petitioner contends also that the ordinance in question prescribes cruel and inhuman punishment as it permits the court to sentence a prisoner to one year in the workhouse and the payment of a $1,000 fine for

simple assault. Section 9, Article I of the Ohio Constitution, forbids the infliction of "cruel and unusual punishments." Whether a penalty prescribed constitutes cruel and unusual punishment is determined not by the amount of the fine or the length of the sentence in a penal institution which may be imposed, but rather by the nature of the punishment. "Cruel and unusual punishment" has been defined to mean punishment by torture or where the prisoner was drawn and dragged to the place of execution; where he was disemboweled alive; beheaded and quartered; or publicly dissected and burned alive. *Holt* v. *State,* 107 Ohio St., 307, 314, 140 N. E., 349. Certainly it cannot be successfully contended that the punishment prescribed by ordinance No. 943-2 is cruel and unusual.

The petitioner contends that he was tried by the court without the intervention of a jury. The point is made that since the petitioner did not waive a jury trial in writing, as provided by Section 13442-4, Gen eral Code, he was entitled to be tried by a jury rather than by the court. It is contended that under Section 1579-46, General Code, the police court of the city of Dayton is a court of record and, therefore, the provisions of Section 13442-4, General Code, are applicable. This section provides that in all criminal cases pending in courts of record in this state the defendant shall have the right to waive a trial by jury and such waiver shall be in writing, signed by the defendant and filed in the cause and made a part of the record thereof. The right to a jury trial in the Municipal Court of Dayton is controlled by Section 1579-60, General Code, which in part provides as follows:

"All causes, both civil and otherwise, in the Municipal Court shall be tried to the court, unless a jury shall be demanded in writing by either party to the action. The court shall have power to determine by

appropriate rule the time and manner in which a jury shall be demanded.''

This section preserves the right to a trial by jury, but prescribes that the cause shall be tried to the court unless a jury is demanded in writing. In the instant case, the record does not show that the petitioner made a written demand to be tried by a jury. We are required to rely on the presumption that, in absence of a showing to the contrary, the proceedings in the trial court were regular and in all respects in conformity to law. Therefore we must assume that the petitioner made no written demand to be tried by a jury.

It has been held that a municipal court act which provides that a jury must be demanded is not in violation of the constitutional provisions guaranteeing the right to a jury trial. *Hoffman* v. *State,* 98 Ohio St., 137, 120 N. E., 234. Furthermore, it has been held that Section 13442-4, General Code, does not supersede a provision in a municipal court act that a cause shall be tried by the court unless a jury is demanded in writing. *Holub* v. *State,* 127 Ohio St., 34, 186 N. E., 708. See, also, *State* v. *Partanen,* 67 Ohio App., 248, 36 N. E. (2d), 422, wherein the court had presented to it the same question which is presented in the instant case. In that case the court held that the provision in the act creating the Municipal Court of Painesville, relative to the procedure to be followed if a jury trial is desired, controls over the general provisions relative to the subject of jury trials.

*Petitioner remanded to custody.*

MILLER, P. J., and HORNBECK, J., concur.