CITY OF TOLEDO, APPELLEE, *v.* BEST, APPELLANT.[*]

(No. 5366—Decided January 3, 1961.)

*Mr. Lewis Combest*, for appellee.
*Mr. James W. Cowell*, for appellant.

SMITH, J. The defendant, Jesse Olton Best, was charged with a violation of Section 21-6-9 of the Toledo Municipal Code, which reads as follows:

"Operation of Vehicles While Intoxicated; Penalty.

"(a) No person who is under the influence of intoxicating liquor or narcotic drugs, or opiates shall operate or be in actual physical control of any vehicle, street car or trackless trolley within this city.

---

[*]Judgment affirmed, 172 Ohio St., 371.

"(b) Every person who is convicted of a violation of this section shall be punished by a fine of not more than Five Hundred Dollars or imprisonment in the county or municipal jail for not more than six months, or both such fine and imprisonment."

He was tried to a jury in the Municipal Court of said city, which returned a verdict of guilty. Motions for new trial and for judgment notwithstanding the verdict were filed in which, *inter alia*, the constitutionality of the ordinance was challenged as being in conflict with Sections 4511.19 and 4511.99 (B), Ohio Revised Code, which read as follows:

Section 4511.19. "No person who is under the influence of intoxicating liquor, narcotic drugs, or opiates shall operate any vehicle, streetcar, or trackless trolley within this state."

Section 4511.99 (B). "Whoever violates Section 4511.19 of the Revised Code shall be fined not more than five hundred dollars and imprisoned in the county jail or workhouse not less than three days nor more than six months and no court shall suspend the first three days of any sentence provided for under this section."

The motions were overruled, and defendant was sentenced by the court to 3 days in the Toledo House of Correction, assessed costs and his automobile driving license suspended for 1 year.

Upon appeal to this court direct from the Municipal Court, appellant, Best, assigned as error the overruling of the motions, chiefly relying on the contention that the ordinance is unconstitutional and further that the verdict was not sustained by sufficient evidence and is contrary to law.

While we have reached the conclusion that no errors appear in the record prejudicial to appellant, the basis of our conclusion on the question of the constitutionality of the ordinance should be discussed.

Section 3, Article XVIII of the Constitution of Ohio as amended in 1912, provides:

"Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws."

It would seem unnecessary in this case to review the numerous decisions of our Supreme Court in which it has labored prodigiously with the interpretation of the scope and limitation of that constitutional provision since its adoption. A cycle of opinion ensued, ranging from restrictive construction to liberal construction as to the exercise of local self-government. See *Lorain Street Rd. Co.* v. *Public Utilities Commission*, 113 Ohio St., 68, 77, 78, 148 N. E., 577; *State, ex rel. Canada,* v. *Phillips, Dir.*, 168 Ohio St., 191, 151 N. E. (2d), 722.

Fundamentally, it is settled that a municipality is vested with constitutional authority to legislate in the field of police regulation here involved, posing the question whether the ordinance is in conflict with the statute. And that question of conflict is reduced to a minimum consideration of whether the authority for suspension of sentence by the municipal court pursuant to Section 2947.13, Revised Code, providing that ''Any court sentencing a person for misdemeanor may, at the time of sentence, omit or suspend such sentence in whole or in part, upon such terms as the court may impose,'' constitutes such conflict as will invalidate the ordinance of the city of Toledo.

The penalty of confinement and amount of fine for the same offense enacted by the ordinance and the statute are essentially identical; the statute (Section 4511.99 (B), Revised Code), however, adds ''no court shall suspend the first three days of any sentence provided for *under this section*.'' (Italics for emphasis.) It is contended by appellant that this provision produces such conflict as is contemplated by the Constitution. To be noted in passing, but having no bearing on the instant case, the ordinance includes an offense predicated on ''physical control of any vehicle.'' While the earlier statute had such provision, it is not now so enacted and hence the ordinance presents no conflict.

This same question as to variation in penalty of a municipal ordinance and state statute has been considered and adjudicated by the Supreme Court. *City of Fremont* v. *Keating*, 96 Ohio St., 468, 118 N. E., 114; *Village of Struthers* v. *Sokol*, 108 Ohio St., 263, 140 N. E., 519. The opinion in the *Keating case*, with concurrence of all the members of the court, states:

''It is claimed, however, that this ordinance is in conflict

with the general law on the same subject matter, for the reason that it prescribes a different punishment than that prescribed by the statute of the state.

"This question is not important in the disposition of this case, for even if it were conceded that a municipality has the authority under the provisions of Section 3 of Article XVIII of the Constitution of Ohio, as amended September 3, 1912, to prescribe a different punishment than provided in the statute covering the same subject matter, nevertheless this ordinance in question provides that imprisonment may be a part of the penalty."

The *Keating case* is approved in the *Sokol case* wherein Marshall, C. J., in his opinion, concurred in by the entire bench, says:

"In *City of Fremont* v. *Keating*, 96 Ohio St., 468, 118 N. E., 114, this court affirmed the right of a city to regulate the speed of motor vehicles, notwithstanding Section 12604, General Code, had already made provisions covering the same general subject. It was pointed out in that case that a different penalty was prescribed by the ordinance than that prescribed by the statutes of the state, and that fact was held to be unimportant and not to create a conflict between the statute and the ordinance."

Paragraph 3 of the syllabus of the *Sokol case* reads:

"A police ordinance is not in conflict with a general law upon the same subject merely because certain specific acts are declared unlawful by the ordinance, which acts are not referred to in the general law, or because certain specific acts are omitted in the ordinance but referred to in the general law, 'or because different penalties are provided for the same acts, even though greater penalties are imposed by the municipal ordinance."

See, also, *City of Youngstown* v. *Evans,* 121 Ohio St., 342, 348, 168 N. E., 844; *City of Columbus* v. *Barr,* 160 Ohio St., 209, 115 N. E. (2d), 391; *Stary* v. *City of Brooklyn,* 162 Ohio St., 120, 128, 121 N. E. (2d), 11; *City of Toledo* v. *Kohlhofer,* 96 Ohio App., 355, 122 N. E. (2d), 20; *Matthews* v. *Russell, Supt.,* 87 Ohio App., 443, 444, 95 N. E. (2d), 696; *Kistler* v. *City of Warren,* 58 Ohio App., 531, 16 N. E. (2d), 948; *City of Cincinnati* v. *Sandow,* 40 Ohio App., 319, 179 N. E., 151.

Counsel for appellant relies on the case of *City of Cleveland* v. *Betts*, 168 Ohio St., 386, 154 N. E. (2d), 917. That case gives heed to the decision in the case of *Village of Struthers* v. *Sokol, supra,* and the opinion of Zimmerman, J., distinguishes the same in the following language:

"Although the ordinance in issue does not permit what the statute prohibits, and vice versa, it does contravene the expressed policy of the state with respect to crimes by deliberately changing an act which constitutes a felony under state law into a misdemeanor, and this creates the kind of conflict contemplated by the Constitution."

We see nothing in the *Betts case* contrary to our conclusion in the case here under consideration, which does not change the nature of the offense enacted by the statute.

There is merit to the argument of counsel for the city that a conviction on a charge of violation under the statute is subject to the prohibition of suspension for the first three days but not as to a conviction under the city ordinance. Section 4511.99 (B), Revised Code, can be reasonably interpreted to be confined to "this section" referring to Section 4511.19, Revised Code. If the Legislature had meant to give Section 4511.99 (B), Revised Code, broader scope to effect modification of the general provisions of Section 2947.13, Revised Code, embracing ordinances on the same subject matter, it could have easily and clearly done so. We can not construe such legislative intent to so modify. See 37 Ohio Jurisprudence, 404, Section 141.

The judgment of the Municipal Court of the city of Toledo is therefore affirmed.

*Judgment affirmed.*

Fess and Deeds, JJ., concur.