CLEVELAND (CITY), PLAINTIFF-APPELLANT, *v.* JONES, DEFENDANT-APPELLEE.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25824.   Decided July 19, 1962.

*Mr. Ralph S. Locher,* director of law, *Mr. Richard F. Matia,* chief police prosecutor, and *Mr. Edward V. Cain,* assistant police prosecutor, for plaintiff-appellant.

*Messrs. Smoot & Riemer,* and *Mr. Donald J. Guittar,* for defendant-appellee.

(GRIFFITH, J., of the Seventh District, sitting in the Eighth District by designation in place of HURD, J.)

KOVACHY, P. J.   This is an appeal on questions of law from a judgment entered in the Cleveland Municipal Court in which the defendant, in a criminal prosecution, was discharged upon a

motion to quash treated as a demurrer to the affidavit by the Trial Court. It is brought by the Prosecuting Attorney of the City of Cleveland under and by virtue of Section 2945.67, Revised Code.

John Jones was charged by the affidavit with a violation of Section 13.1318 of the Codified Ordinances of the City of Cleveland. In the motion to quash, he claimed that the ordinance is in conflict with Section 2915.111, Revised Code, and consequently invalid under Section 3 of Article XVIII of the Ohio Constitution.

Said ordinance reads:

"13.1318—Possession of Policy Slips.

"It shall be unlawful for any person to have in his possession, or in his custody, or under his control, any ticket, check, writing, slip, paper or document, which represents or is a memorandum of, or is evidence of, or is intended to be used as a memorandum or evidence of, or which is designed or intended to be used in the process of making, settling, paying, registering, evidencing, or recording, a number of shares or an interest in a lottery, 'policy,' or scheme of chance, by whatever name, style, or title denominated or known, whether located or to be drawn, paid or carried on within or without this city."

The penalty for the violation of the above section is found in Section 13.1319 of the Codified Ordinances and reads:

"13.1319—Penalty.

"Any person violating any of the provisions of Section 13.1318 shall be guilty of a misdemeanor and upon conviction shall be fined any sum not less than twenty-five ($25.00) dollars nor more than five hundred ($500.00) dollars, or imprisonment not less than thiry (30) days nor more than sixty (60) days or both."

The statute reads:

"2915.111. Possession of 'numbers game' ticket.

"No person shall own, possess, have on or about his person, have in his custody, or have under his control a ticket, order, or device for or representing a number of shares or an interest in a scheme of chance known as 'policy,' 'numbers game,' 'clearing house,' or by words or terms of similar import, located in or to be drawn, paid, or carried on within or without this state.

"Whoever violates this section shall be fined not more than five hundred dollars and imprisoned not more than six months for a first offense; for each subsequent offense, such person shall be fined not less than five hundred nor more than one thousand dollars and imprisoned not less than one nor more than three years."

The City of Cleveland argues that the Trial Court was in error in holding the ordinance in conflict with the state law since the offenses punishable under them are not the same and that even if they be the same, the penalties, though different, do not conflict within the meaning of Section 3 of Article XVIII of the Constitution of Ohio.

The defendant maintains that a comparison of the language employed in these two laws shows a remarkable similarity with respect to the acts declared illegal and that the clash of the statute and the ordinance is found in the fact that the statute punishes a violation as a felony and the ordinance as a misdemeanor, and consequently falls within the rule set forth in *City of Cleveland* v. *Betts*, 168 Ohio St., 386, 154 N. E. (2d), 917.

The titles of these enactments suggest the same subject, and it is our view, upon a comparison of the language of each, that they deal with the same subject matter. The ordinance, however, covers broader contingencies with respect to the conductance of the unlawful activity prohibited since it refers to "ticket, check, writing, slip, paper or document" in relation to "a number of shares or an interest in a lottery, 'policy,' or scheme of chance" whereas the statute merely mentions "ticket, order or device" and confines such to "representing a number of shares or an interest in a scheme of chance known as 'policy,' 'numbers game,' 'clearing house,' * * *." We are, therefore, of the opinion that the ordinance and statute prohibit like acts and that the ordinance in no way permits that which the statute forbids, and vice versa. There is no conflict between them as to the subject matter.

In *Village of Struthers* v. *Sokol, City of Youngstown* v. *Sandela*, 108 Ohio St., 263, 140 N. E., 519, it is stated in paragraphs 2 and three of the syllabus:

"2. In determining whether an ordinance is in 'conflict' with general laws, the test is whether the ordinance permits or licenses that which the statute forbids and prohibits, and vice versa.

"3. A police ordinance is not in conflict with a general law upon the same subject merely because certain specific acts are declared unlawful by the ordinance, which acts are not referred to in the general law, or because certain specific acts are omitted in the ordinance but referred to in the general law, or because different penalties are provided for the same acts, even though greater penalties are imposed by the municipal ordinance."

The real question before us is whether the nature of the penalties prescribed by each is such as to bring them within the rule of the *Betts case, supra.*

The syllabus in the *Betts case* reads as follows:

"Section 3, Article XVIII of the Constitution of Ohio, authorizes municipalities to adopt and enforce within their limits only such local police regulations as are not in conflict with general laws, and a municipal ordinance which makes the carrying of concealed weapons a misdemeanor is in conflict with a general statutory enactment making the identical offense a felony and is invalid."

The penalty under the ordinance here involved upon conviction is a fine not less than $25.00 nor more than $500.00 or imprisonment not less than thirty days nor more than sixty days, or both. (Section 13.1319.)

The penalty upon conviction under the statute here involved is a fine of not more than $500.00 and imprisonment for not more than six months for the *first offense* and a fine of not less than $500.00 nor more than $1000.00 and imprisonment for not less than one nor more than three years *for each subsequent offense.*

Section 1.06, Revised Code, defines offenses which are felonies and those which are misdemeanors. It reads:

"Offenses which may be punished by death or by imprisonment in the penitentiary are felonies; all other offenses are misdemeanors. As used in the Revised Code 'minor offense' is synonymous with misdemeanor."

Section 1.05, Revised Code, contains a definition of "imprisonment," as follows:

"As used in the Revised Code, unless the context otherwise requires, 'imprisoned' means imprisoned in the county jail if the maximum term prescribed for the offense is one year

or less, and imprisoned in the penitentiary if the maximum term prescribed for the offense is longer than one year.''

Applying these laws to the statute here under consideration, it is patent that the violation of the statute *for the first offense* is a misdemeanor, and a felony only *when charged as a second or subsequent offense*. This is so because the statute provides for imprisonment for less than one year *for the first offense* and imprisonment in the penitentiary only when a person is charged under this section with a *subsequent offense*. The situation consequently is not analogous to the facts upon which the *State* v. *Betts case, supra,* was decided because the penalty for carrying concealed weapon under the state law (Section 2923.01, Revised Code) is a fine of not more than $500.00 or imprisonment in the county jail or workhouse for not less than thirty days nor more than six months or imprisonment in the penitentiary for not less than one nor more than three years. The Trial Judge at his discretion in such case has the choice of sentencing a violator to the county jail or workhouse or to the penitentiary.

Thus, it is manifest that a statute which provides punishment by imprisonment either in the county jail or workhouse for one year or less, or imprisonment in the penitentiary for longer than one year, at the discretion of the trial judge, is nevertheless classified as a felony because the trial judge, pursuant to its provisions, *may* sentence a violator to the penitentiary.

The statute under consideration in the instant case, however, gives the trial court no such choice. If a person under it is charged with a first offense, upon conviction the trial judge may only imprison him in a county jail or workhouse, and consequently under Section 1.06, supra, Revised Code, the offense is classified as a misdemeanor. It is only where a person is charged with a *subsequent offense* that a trial judge *may*, if the person is found guilty, sentence him to imprisonment in the penitentiary, making such offense a felony. An ordinance, it is therefore plain, making the possession of policy slips a misdemeanor is not in conflict with a statutory enactment making the identical offense likewise a misdemeanor when charged as a first offense.

Paragraph 3 of the syllabus of *City of Columbus* v. *Barr*, 160 Ohio St., 209, 115 N. E. (2d), 391, reads as follows:

"In the exercise of the police power vested in it by the Constitution of Ohio, a charter city may validly legislate by ordinance with respect to lotteries and schemes of chance and provide penalties for violation of such ordinances, provided such ordinances do not undertake to legalize what the statutes of Ohio have declared illegal and provided such ordinances are not in conflict with the general laws or the Constitution."

See *City of Youngstown* v. *Evans*, 121 Ohio St., 342, 168 N. E., 844.

We accordingly determine and hold that Ordinance Section 13.1318 is not in conflict with Section 2915.111, Revised Code, and, therefore, is not invalid, and that the Trial Court was in error in so holding and discharging the defendant.

Judgment reversed as contrary to law and cause remanded with instructions to overrule the motion to quash treated as a demurrer to the affidavit, and for further proceedings according to law.

Exceptions. Order see journal.

SKEEL and GRIFFITH, JJ., concur.