CITY OF CINCINNATI, Appellant,

v.

HOWARD, Appellee.

[Cite as *Cincinnati v. Howard,* 179 Ohio App.3d 60, 2008-Ohio-5502.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–070869.

Decided Oct. 24, 2008.

Patricia M. King, Interim Cincinnati City Solicitor, Ernest F. McAdams, City Prosecuting Attorney, and Keith C. Forman, Assistant City Prosecuting Attorney, for appellant.

Oliver O. Howard, pro se.

SYLVIA SIEVE HENDON, Judge.

{¶ 1} Following a bench trial, Oliver Howard was convicted of failing to maintain his premises free of litter, a minor misdemeanor, in violation of Cincinnati Municipal Code 714–37. The trial court sentenced Howard to a $150 fine and 30 hours of community service. Howard now appeals. We affirm the finding of guilt, but vacate Howard's sentence and remand this case for resentencing.

{¶ 2} In his first and second assignments of error, respectively, Howard argues that his due-process rights were violated and that his conviction was against the manifest weight of the evidence. But because Howard has not filed a transcript of the trial proceedings, he can not demonstrate the errors he now alleges. Under *Knapp v. Edwards Laboratories*,[1] we must presume the regularity of the trial court's proceedings. These assignments of error are overruled.

{¶ 3} In Howard's third assignment of error, he claims that his sentence was improper. He is correct.

{¶ 4} A trial court may only impose a sentence that is allowed by statute.[2] Any attempt to do otherwise renders the sentence void.[3] In this case,

---

1. (1980), 61 Ohio St.2d 197, 199, 15 O.O.3d 218, 400 N.E.2d 384.

2. *State v. Beasley* (1984), 14 Ohio St.3d 74, 75, 14 OBR 511, 471 N.E.2d 774; see also *State v. Potts*, 6th Dist. No. WD–02–020, 2002–Ohio–4829; *State v. Sanders* (Sept. 29, 1995), 2d Dist. Nos. 95 CA 11 and 95 CA 12, 1995 WL 634371.

Howard was convicted of violating Cincinnati Municipal Code 714–37, a minor misdemeanor. Cincinnati Municipal Code 902–5 provides that the maximum penalty for a minor misdemeanor is a $150 fine. But the trial court sentenced Howard to a $150 fine, plus 30 hours of community service. This was obviously beyond the trial court's authority, and the sentence is therefore void. The city contends, however, that the Revised Code, which allows for the imposition of community service, should be read as complementing the municipal code, and therefore that the sentence was proper. There are two main flaws in the city's argument. First, a municipality is charged under the Revised Code with setting the penalties for the crimes that the municipality has defined as misdemeanors. Second, even if the Revised Code did apply in this case, the sentence would still have been unlawful.

### The City Sets the Penalty for a Violation of the Municipal Code

{¶ 5} Section 3, Article XVIII of the Ohio Constitution provides that "[m]unicipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws." Under this so-called "Home Rule Amendment," a municipal corporation may pass and enforce laws that do not conflict with the general laws of Ohio.[4] It is puzzling why the city is advocating for state law to apply in this case, since this position detracts from its power of home rule. But in any event, the city's argument fails.

{¶ 6} R.C. 715.67 states that a municipality may "provide for the punishment" for a misdemeanor violation by fine or imprisonment, or both, provided that the fine does not exceed $500 and the imprisonment does not exceed six months. The city has advanced no argument, nor is there any case law, to support its position that the Revised Code should delineate the punishment for a violation of the municipal code. In fact, a municipality may set the punishment for a misdemeanor violation of its municipal code, even if that punishment is different than that set forth by the state for a similar act.[5]

{¶ 7} Here, the $150 penalty in Cincinnati Municipal Code 902–5 falls squarely within the limitations set forth in R.C. 715.67. But there is no provision in Cincinnati Municipal Code 902–5, or elsewhere in the municipal code, allowing a

---

3. Id.; *State v. Simpkins*, 117 Ohio St.3d 420, 2008–Ohio–1197, 884 N.E.2d 568, ¶ 21.

4. See *Struthers v. Sokol* (1923), 108 Ohio St. 263, 140 N.E. 519; *Youngstown v. Evans* (1929), 121 Ohio St. 342, 168 N.E. 844; *Akron v. Smith* (1992), 82 Ohio App.3d 57, 611 N.E.2d 435.

5. Cf. *State v. Creamer*, 1st Dist. No. C–060568, 2007–Ohio–5125, 2007 WL 2812312; *Toledo v. Kohlhofer* (1954), 96 Ohio App. 355, 360, 54 O.O. 360, 122 N.E.2d 20; *In re Calhoun* (1949), 87 Ohio App. 193, 196, 42 O.O. 401, 94 N.E.2d 388.

court to impose community service for a minor misdemeanor. The trial court therefore was without the authority to sentence Howard to community service.

### The Sentence Is Invalid Even Under State Law

{¶ 8} The city's argument is further flawed because, even if state law did apply to this case, the trial court erred. R.C. 2929.28(B) allows a trial court to order community service for a minor misdemeanor under R.C. 2929.27(C). R.C. 2929.27(C) states, "The court imposing a sentence for a minor misdemeanor may impose a term of community service *in lieu of all or part of a fine.* The term of community service imposed for a minor misdemeanor shall not exceed thirty hours." (Emphasis added.)

{¶ 9} Here, the trial court fined Howard $150—the maximum fine possible, even under state law.[6] Since the trial court fined Howard the maximum amount, it could not have ordered community service "in lieu of all or part of a fine."

{¶ 10} In sum, Howard's sentence is void. By law, his maximum penalty should have been a $150 fine. The trial court was without authority to order community service for this violation of the Cincinnati Municipal Code. We hereby vacate Howard's sentence and remand this cause for resentencing. The balance of the trial court's judgment is affirmed.

Sentence vacated
and cause remanded.

Sundermann, P.J., and Painter, J., concur.