The STATE of Ohio, Appellee,

v.

FIELDS, Appellant.

[Cite as *State v. Fields*, 183 Ohio App.3d 647, 2009-Ohio-4187.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–080825.

Decided Aug. 21, 2009.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Philip R. Cummings, Assistant Prosecuting Attorney, for appellee.

William Fields, pro se.

Per Curiam.

{¶ 1} Defendant-appellant, William Fields, presents on appeal three assignments of error that, when reduced to their essence, challenge the Hamilton County Common Pleas Court's judgment denying his petition for postconviction relief. We do not reach the merits of this challenge because the sentence imposed on Fields for cocaine possession was void.

{¶ 2} In 2006, Fields was convicted upon guilty pleas to cocaine possession and having a weapon under a disability. He was sentenced to concurrent prison terms totaling five years. He unsuccessfully challenged his convictions in his direct appeal,[1] in a timely R.C. 2953.21 petition for postconviction relief,[2] and in a

---

1. See *State v. Fields* (Oct. 24, 2007), 1st Dist. No. C–060944.

2. See *State v. Fields* (Mar. 5, 2008), 1st Dist. No. C–070268.

motion seeking, alternatively, a "new trial" under Crim.R. 33 or to withdraw his guilty pleas under Crim.R. 32.1.[3]

{¶ 3} In May 2008, Fields filed with the common pleas court a second postconviction petition. He sought by his petition to withdraw his guilty pleas on the ground that the trial court had failed, as required by Crim.R. 11(C)(2)(a), to advise him of the maximum penalty for cocaine possession, when it did not inform him that he was subject to a mandatory fine. And he cited the Ohio Supreme Court's decision in *State v. Beasley*[4] in support of his contention that res judicata did not bar him from presenting this claim in a late postconviction petition filed after our decision in his direct appeal, because the court's failure to impose the mandatory fine had rendered his cocaine-possession sentence void. The common pleas court denied the petition on three alternative grounds: (1) Fields's petition was late and did not satisfy the jurisdictional requirements of R.C. 2953.23; (2) res judicata barred his postconviction claim because he had advanced, and we had rejected, this claim in his direct appeal; and (3) the trial court's failure to fine Fields did not prejudice him. This appeal followed.

### The Cocaine–Possession Sentence is Void

{¶ 4} Fields is right that his sentence for cocaine possession is void because the trial court did not include in the sentence the statutorily mandated fine.

{¶ 5} R.C. 2925.11(E) and 2929.18(B)(1) required the trial court to impose a mandatory fine upon Fields's cocaine-possession conviction. Fields could have avoided the mandatory fine only if, before the court entered the judgment of conviction, Fields had alleged in a "formally filed" and time-stamped affidavit and had "affirmatively demonstrate[d]," and the trial court had then "reasonably determined," that Fields was indigent and was unable to pay the fine.[5]

{¶ 6} Fields's guilty-plea form reflected his "understand[ing]" that he was *not* subject to a mandatory fine. Neither the Crim.R. 11 colloquy nor his plea form disabused him of this notion. And the court did not impose the fine.

{¶ 7} But Fields did not meet the prerequisites for avoiding the mandatory fine. He did not, before sentencing, file an affidavit of indigency. Nor did he offer at the sentencing hearing proof of his inability to pay the mandatory fine. And the record reflects no finding by the trial court concerning Fields's indigency

---

3. See *State v. Fields* (June 11, 2008), 1st Dist. No. C–070654.

4. (1984), 14 Ohio St.3d 74, 14 OBR 511, 471 N.E.2d 774.

5. See *State v. Gipson* (1998), 80 Ohio St.3d 626, 631–636, 687 N.E.2d 750.

or his ability to pay the fine.  Thus, R.C. 2925.11(E) and 2929.18(B)(1) required the trial court to impose the fine.[6]

{¶ 8} The Ohio Supreme Court has long held, and has recently reemphasized, that "[a]ny attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void."[7]  Therefore, the failure of the court below to impose the statutorily mandated fine rendered Fields's cocaine-possession sentence void.

### The Court Had No Jurisdiction to Entertain the Postconviction Petition

■ {¶ 9} We further conclude that the common pleas court properly declined to entertain on its merits Fields's postconviction challenge to his guilty pleas. His appeal from his judgment of conviction had divested the trial court of jurisdiction over his case, except to act in aid of the appeal or in a manner not inconsistent with our jurisdiction.[8]  And because we did not remand the case, the trial court did not regain jurisdiction after we had decided the appeal.[9]  Moreover, the common pleas court correctly concluded that R.C. 2953.21 et seq. did not confer upon it jurisdiction to entertain Fields's postconviction petition, because Fields failed to satisfy either the time restrictions of R.C. 2953.21(A)(2) or the jurisdictional requirements of R.C. 2953.23.

### The Court Had Jurisdiction to Resentence Fields

■ {¶ 10} But a trial court retains jurisdiction to correct its void judgments.[10] Because the court below did not include in Fields's sentence for cocaine possession the statutorily mandated fine, the sentence was void.  And regardless of the jurisdictional bar to its consideration of Fields's postconviction claim on its

---

6.  Id.

7.  See *State v. Beasley* (1984), 14 Ohio St.3d 74, 75, 14 OBR 511, 471 N.E.2d 774 (holding that a sentence that included an optional fine, but did not include a mandatory prison term, was void); accord *State v. Jordan* (2004), 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 26 (following *Beasley* to hold that a trial court's failure to provide at sentencing the statutorily mandated notification concerning postrelease control rendered the sentence void); *Cincinnati v. Howard,* 179 Ohio App.3d 60, 2008-Ohio-5502, 900 N.E.2d 689 (in which this court followed *Beasley* to hold that a trial court's imposition of a fine and community service rendered the sentence void, when the municipal code authorized only the fine).

8.  *In re Kurtzhalz* (1943), 141 Ohio St. 432, 25 O.O. 574, 48 N.E.2d 657, paragraph two of the syllabus; accord *In re S.J.,* 106 Ohio St.3d 11, 2005-Ohio-3215, 829 N.E.2d 1207; *State ex rel. Special Prosecutors v. Judges* (1978), 55 Ohio St.2d 94, 97, 9 O.O.3d 88, 378 N.E.2d 162.

9.  See *State ex rel. Special Prosecutors,* 55 Ohio St.2d at 97, 9 O.O.3d 88, 378 N.E.2d 162.

10.  See *State ex rel. Cruzado v. Zaleski,* 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18–19.

merits, the court should have vacated the void sentence and conducted a new sentencing hearing.[11]

{¶ 11} Accordingly, we vacate the sentence imposed on Fields for cocaine possession and remand the case for a new sentencing hearing.

Sentence vacated
and cause remanded.

HENDON, P.J., and PAINTER and CUNNINGHAM, JJ., concur.

---

11. See *State v. Boswell*, 121 Ohio St.3d 575, 2009-Ohio-1577, 906 N.E.2d 422, ¶ 12–13; accord *State v. Holcomb*, 9th Dist. No. 24287, 2009-Ohio-3187, 2009 WL 1864759 (following *Boswell* to hold that a trial court confronted with a late postconviction petition challenging a void sentence must ignore the petition's "procedural irregularities," vacate the void sentence, and resentence the defendant).