[Cite as *State v. Moore*, 2011-Ohio-4246.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 96111 and 96112**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ROBERT MOORE, III

DEFENDANT-APPELLANT

**JUDGMENT:
SENTENCE VACATED IN PART;
REMANDED FOR RESENTENCING**

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-525878 and CR-521078

**BEFORE:**   Keough, J., Kilbane, A.J., and Jones, J.

**RELEASED AND JOURNALIZED:**   August 25, 2011

**FOR APPELLANT**

Robert Moore, III, pro se
Inmate No. 572-298
Richland Correctional Institution
P.O. Box 8107
Mansfield, OH 44901

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
Thorin O. Freeman
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113

KATHLEEN ANN KEOUGH, J.:

{¶ 1} In these consolidated appeals, defendant-appellant, Robert Moore, III, pro se, appeals from the trial court's judgments denying his motions to vacate his sentences. For the reasons that follow, we vacate Moore's sentences in part and remand with instructions to the trial court to resentence Moore in accord with R.C. 2929.18(B)(1).

I

{¶ 2} In August 2009, Moore pled guilty in Case No. CR-525878 to drug trafficking in violation of R.C. 2925.03(A)(1), a second degree felony, with a

one-year firearm specification. The trial court sentenced him to an agreed-upon sentence of nine years incarceration. In its sentencing entry, the trial court noted "affidavit of indigency being filed" and, hence, the court waived the mandatory fine required under R.C. 2929.18(B)(1).

{¶ 3} Likewise, in Case No. CR-521078, Moore was convicted in August 2009 after a jury trial of drug possession in violation of R.C. 2925.11 with firearm and forfeiture specifications; drug trafficking in violation of R.C. 2925.03 with firearm and forfeiture specifications; and carrying concealed weapons in violation of R.C. 2923.12. The trial court sentenced Moore to an agreed sentence of 13 years incarceration. The trial court's journal entry stated that Moore had waived his appellate rights; it further stated that "based on defendant's affidavit of indigency being filed, fine and costs are waived including mandatory fines."

{¶ 4} In September 2009, Moore filed timely notices of appeal in both cases; this court subsequently dismissed the appeals because the trial court's sentencing entry indicated that as part of the agreed-upon sentences, Moore had waived his appellate rights.

{¶ 5} Nearly a year later, on September 3, 2010, Moore filed a "motion to vacate and void sentence" in both cases. In his motion, Moore argued that his sentence in each case was void because the trial court had not imposed the mandatory fine required by R.C. 2925.11(E) and 2929.18(B), and counsel had

never filed the affidavit of indigency that would have allowed Moore to avoid the fine. Thus, Moore contended that his sentence in each case should be vacated in its entirety and the trial court should resentence him de novo and restore his appellate rights. The trial court denied Moore's motions.

{¶ 6} Moore filed separate notices of appeal and merit briefs in both cases. This court sua sponte consolidated the appeals for purposes of hearing and disposition because the merits briefs are identical and raise the same assignment of error and issues of law.

II

{¶ 7} R.C. 2925.11 directs a trial court to impose all mandatory fines specified for a particular crime, unless the court determines that the defendant is indigent. R.C. 2929.18(B)(1) provides, in relevant part:

{¶ 8} "For a first, second, or third degree felony violation of any provision of Chapter 2925, * * * the sentencing court shall impose upon the offender a mandatory fine * * *. If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender."

{¶ 9} In *State v. Gipson*, 80 Ohio St.3d 626, 1998-Ohio-659, 687 N.E.2d 750, the Supreme Court found that "R.C. 2929.18(B)(1) clearly requires that a

sentencing court shall impose a mandatory fine upon an offender unless (1) the offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine, and (2) the court determines that the offender is in fact an indigent person and is unable to pay the mandatory fine." Id. at 631; see, also, *State v. Mock*, Mahoning App. No. 08 MA 94, 2010-Ohio-2747, ¶60.

{¶ 10} The *Gipson* Court further found that although the phrase "prior to sentencing" suggests that a defendant must file his affidavit prior to the sentencing hearing to invoke the statutory procedure for avoiding the mandatory fine, an affidavit of indigency may be properly filed with the clerk of court and time stamped at any time prior to the filing of the trial court's journal entry reflecting the sentencing decision. Id., paragraph one of the syllabus; see, also, *State v. Shepard*, Cuyahoga App. No. 95433, 2011-Ohio-2525, ¶8, citing *Gipson*.

{¶ 11} In his single assignment of error, Moore argues that although defense counsel asserted at sentencing that Moore had signed an affidavit of indigency and counsel would file a motion to waive the mandatory fine, he never signed such an affidavit and no affidavit of indigency was ever filed with the court. Therefore, Moore contends that the trial court was required to impose the mandatory fine under R.C. 2925.11(E) and 2929.18(B)(1), and

the trial court's failure to follow the statutory requirements renders his entire sentence void.

{¶ 12} Moore asks us to follow the reasoning adopted by the First District in *State v. Fields*, 183 Ohio App.3d 647, 2009-Ohio-4187, 918 N.E.2d 204. Fields was convicted upon guilty pleas to cocaine possession and having a weapon under a disability and sentenced to five years incarceration. On appeal, the court held that his sentence for cocaine possession was void because the trial court did not include the statutorily mandated fine in the sentence. The appellate court found that Fields had not filed an affidavit of indigency and the trial court had made no finding concerning Fields's indigency or his ability to pay. Thus, the court held that "R.C. 2925.11(E) and 2929.18(B)(1) required the trial court to impose the fine." Id., ¶7, citing *Gipson*, supra.

{¶ 13} The First District found that "[a]ny attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void," Id., ¶8, citing *State v. Beasley* (1984), 14 Ohio St.3d 74, 75, 471 N.E.2d 774, and that Fields's sentence was therefore void because it did not contain the statutorily mandated fine. The court vacated Fields's sentence and remanded the case for a new sentencing hearing. Moore suggests that this court do the same here.

{¶ 14} The State, on the other hand, concedes that an affidavit of indigency was never filed in either case, despite counsel's assurances that he would do so, but argues that Moore's sentences are not void. The State asks us to adopt the reasoning of the Ninth District in *State v. DeLoach*, Lorain App. No. 05CA008858, 2006-Ohio-4409. In *DeLoach*, the defendant entered a guilty plea to various drug charges. The trial court imposed and then suspended the mandatory drug fines. Nearly eight years later, after it learned that the sheriff's office was holding approximately $3000 that belonged to the defendant, the State filed a motion to reinstate the mandatory fines. The trial court denied the motion, finding that it lacked jurisdiction to address the issue. Id., ¶2-3.

{¶ 15} On appeal, the State argued that the trial court erred in denying the motion because DeLoach's sentence was void because the trial court failed to impose the mandatory fines where an affidavit of indigency had not been filed, and a trial court has jurisdiction to correct a void sentence. The Ninth District rejected this argument. It agreed that the trial court had erred in suspending the mandatory fine because DeLoach had not filed an affidavit of indigency, but held that such error did not render the sentence void. Id., ¶5. It further held that any error in the procedure utilized by the trial court for imposing the fine was a matter for direct appeal, and to hold otherwise would allow the State to exploit the trial court's error nearly eight years after it was

committed. Id., ¶6. This court believes the reasoning set forth in *Fields* is the better approach. In light of *Gipson*, it is clear that an affidavit of indigency must be filed prior to the filing of the trial court's journal entry of sentencing. Here, no such affidavit was ever filed in either case. Accordingly, under R.C. 2925.11(E) and 2929.18(B)(1), the trial court was required to impose the mandatory fine and its failure to do so rendered that part of Moore's sentence waiving the fine void.

{¶ 16} As this court stated in *State v. Lisboa*, Cuyahoga App. No. 89283, 2008-Ohio-571, "'Crimes are statutory, as are the penalties therefor, and the only sentence which a trial judge may impose is that provided for by statute * * *. A court has no power to substitute a different sentence for that provided for by law.' *State v. Beasley* (1984), 14 Ohio St.3d 74, 75, 471 N.E.2d 774, citing *Colegrove v. Burns* (1964), 175 Ohio St. 437, 195 N.E.2d 811. 'Any attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void.' Id." See, also, *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, at ¶10 (sentence is void when it does not contain a statutorily mandated term). "A trial court's judgment over a criminal case is limited after it renders judgment, but it retains jurisdiction to correct a void sentence and is authorized to do so." *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197,

884 N.E.2d 568, ¶10, superceded by statute on other grounds as stated in *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958.

{¶ 17} In *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, the Ohio Supreme Court clarified that when an appellate court concludes that a sentence imposed by a trial court is void in part, only the portion that is void may be vacated or otherwise amended. Id., ¶28. Moore challenges only that part of his sentence in each case waiving the mandatory fine and we find error only with respect to that part of his sentence. Thus, Moore's assertion that his sentence in each case should be vacated in toto due to the trial court's sentencing error regarding the mandatory fine is without merit. Likewise, any assertion that his appellate rights should be restored upon resentencing is without merit.

{¶ 18} The trial court denied Moore's motions to vacate his sentence because, it stated, "[t]his court was not attempting to disregard a statutory requirement and relied on defense counsel to follow through with what he promised to do on the record." Hence, it apparently concluded that despite its failure to impose the statutorily required fine, that part of Moore's sentence waiving the fine was not void. We agree that in waiving the mandatory fine, the trial court relied on defense counsel's assurance that he would file an affidavit of indigency. Nevertheless, no such affidavit was filed prior to entry of the trial court's sentencing decision, and therefore, under

R.C. 2929.18(B)(1), the trial court was required to impose the statutorily mandated fine. Because it did not do so, that part of Moore's sentence waiving the mandatory fine is void. Accordingly, we vacate the part of Moore's sentence waiving the mandatory fine and remand for resentencing in both cases consistent with R.C. 2929.18(B)(1).

{¶ 19} Moore's assignment of error is sustained in part; sentence vacated in part; remanded for resentencing in part.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KATHLEEN ANN KEOUGH, JUDGE

MARY EILEEN KILBANE, A.J., and
LARRY A. JONES, J., CONCUR