[Cite as *State v. Davis*, 2012-Ohio-4112.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

STATE OF OHIO,                                    )
                                                  )
    PLAINTIFF-APPELLEE,                            )
                                                  )
V.                                                )         CASE NO. 11-MA-53
                                                  )
LAWRENCE DAVIS,                                   )         OPINION
                                                  )
    DEFENDANT-APPELLANT.                           )

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Criminal Appeal from Court of Common Pleas of Mahoning County, Ohio Case No. 05CR193 |
| JUDGMENT: | Affirmed in part Remanded in part |
| APPEARANCES: | |
| For Plaintiff-Appellee | Paul Gains Prosecutor Ralph M. Rivera Assistant Prosecutor 21 W. Boardman St., 6th Floor Youngstown, Ohio 44503 |
| For Defendant-Appellant | Lawrence Davis, Pro-se #494-988 Grafton Correctional Institution 2500 S. Avon-Belden Rd. Grafton, Ohio 44044 |

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite

Dated: September 5, 2012

DONOFRIO, J.

{¶1} Defendant-appellant, Lawrence Davis, appeals from a Mahoning County Common Pleas Court judgment overruling his motion to vacate his conviction and for a de novo sentencing hearing.

{¶2} Appellant was convicted of five counts of drug trafficking and sentenced to 11 years in prison. He appealed. This court vacated appellant's convictions on two of the five counts and accordingly reduced appellant's sentence to eight years. *State v. Davis*, 7th Dist. No. 05-MA-235, 2007-Ohio-7216. We affirmed the remainder of appellant's convictions and sentences. *Id.*

{¶3} Appellant next filed an application with this court to reopen his appeal, which we denied. *State v. Davis*, 7th Dist. No. 05-MA-235, 2008-Ohio-2927. We later affirmed the trial court's dismissal of appellant's petition for postconviction relief. *State v. Davis*, 7th Dist. No. 08-MA-16, 2008-Ohio-6211.

{¶4} On February 17, 2011, appellant filed a "motion to vacate and void judgment of sentence and for court to conduct a de novo resentencing hearing as though sentence never occurred." He argued that his conviction was void because the trial court failed to impose a mandatory fine and driver's license suspension at sentencing. The trial court overruled this motion.

{¶5} Appellant filed a timely notice of appeal on March 29, 2011. He proceeds with this appeal pro se.

{¶6} Appellant raises two assignments of error, which assert the same basic argument. Therefore, we will address them together:

> THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO IMPOSE THE STATUTORILY MANDATED FINE AND DRIVER'S LICENSE SUSPENSION PURSUANT TO R.C. 2925.03(D)(1), (D)(2), AND 2929.18(B)(1).

> THE TRIAL COURT ABUSE[D] ITS DISCRETION WHEN IT OVERRULED MR. DAVIS' MOTION TO VACATE AND VOID JUDGMENT OF SENTENCE AND FOR COURT TO CONDUCT A DE NOVO RESENTENCING HEARING AS THOUGH SENTENCE NEVER

OCCURRED FOR FAILING TO IMPOSE THE STATUTORILY MANDATED SANCTIONS.

{¶7} Appellant argues that his sentence is void because the trial court failed to include a statutorily mandated fine and driver's license suspension. Consequently, he argues the trial court should have granted his motion to vacate and void judgment of sentence and conducted a new sentencing hearing.

{¶8} Under the doctrine of res judicata, a final judgment of conviction bars the defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that the defendant raised or could have raised at the trial which resulted in that judgment of conviction or on an appeal from that judgment. *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967). Thus, it would seem that appellant should have raised the issues with his sentence in his direct appeal or be barred from raising them.

{¶9} However, appellant alleges that his sentence is void. Consequently, we will address the merits of his argument. This is because the doctrine of res judicata does not apply to a void sentence. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph three of the syllabus.

{¶10} Appellant was ultimately convicted of three counts of violating R.C. 2925.03(A)(1). One count was a second-degree felony, one count was a third-degree felony, and one count was a fourth-degree felony. Pursuant to R.C. 2929.18(B)(1):

For a first, second, or third degree felony violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code, the sentencing court *shall impose* upon the offender *a mandatory fine* of at least one-half of, but not more than, the maximum statutory fine amount authorized for the level of the offense pursuant to division (A)(3) of this section. If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the

mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender.

(Emphasis added.)

{¶11} There is no indication in the record that appellant filed an affidavit with the court prior to sentencing alleging that he was indigent and unable to pay a mandatory fine. Thus, the trial court should have imposed a mandatory fine on appellant.

{¶12} R.C. 2925.03(D)(1) provides that for an offender who violates R.C. 2925.03(A), in addition to any prison term or other sanctions, the trial court "shall suspend the driver's or commercial driver's license or permit of the offender in accordance with division (G) of this section."

{¶13} The trial court did not impose any type of license suspension on appellant. The state concedes that the trial court erred in failing to impose a suspension.

{¶14} Thus, we must determine whether the trial court's failure to impose the above sanctions was an error that now requires reversal.

{¶15} In support of his argument, appellant cites to *State v. Fields*, 183 Ohio App.3d 647, 918 N.E.2d 204 (1st Dist.), and *State v. Harris*, 8th Dist. No. 95128, 2010-Ohio-5374.

{¶16} *Fields* was convicted of and sentenced on cocaine possession and having a weapon while under a disability. His convictions were affirmed on appeal and a postconviction petition was denied. Fields filed a second postconviction petition alleging that his cocaine possession sentence was void because the court failed to impose a mandatory fine. The trial court denied the petition. On appeal, the First District found that Fields's cocaine possession sentence was void because the trial court did not include the statutorily mandated fine. *Id.* at ¶4. It stated that R.C. 2925.11(E) and 2929.18(B)(1) required the trial court to impose the mandatory fine

upon Fields's cocaine possession conviction. *Id.* at ¶5. The court vacated Fields's sentence and concluded that the proper remedy was a remand to the trial court for a new sentencing hearing. *Id.* at ¶10-11.

**{¶17}** Harris was convicted of drug trafficking and sentenced to prison. But the trial court failed to impose the mandatory driver's license suspension. The Eighth District reversed Harris's sentence and remanded the matter for resentencing, finding the entire sentence to be void. *Harris*, 2010-Ohio-5374, at ¶3.

**{¶18}** *Harris*, supra, was certified to the Ohio Supreme Court on the question of whether the failure to include a mandatory driver's license suspension in a criminal sentence renders the sentence void.

**{¶19}** The Court held: "The failure to include a mandatory driver's license suspension as part of an offender's sentence renders that part of the sentence void. Resentencing of the offender is limited to the imposition of the mandatory driver's license suspension." *State v. Harris*, Slip Opinion 2012-Ohio-1908, paragraph one of the syllabus. The Court reasoned that, like postrelease control, a mandatory license suspension is required by law to be a part of an offender's sentence. *Id.* at ¶14. If the trial court fails to include such a mandatory term, the executive branch is without the authority to impose the sanction once an offender leaves prison. *Id.* The remedy for a trial court's failure to include a mandatory driver's license suspension is resentencing only for the limited purpose of imposing the license suspension. *Id.* at ¶18.

**{¶20}** Based on *Harris*, we must conclude that the trial court erred in failing to include the mandatory driver's license suspension. Likewise, because a statutorily-mandated fine is akin to a statutorily-mandated driver's license suspension, it follows that the trial court also erred in failing to include the statutorily mandated fine.

**{¶21}** Accordingly, appellant's assignments of error have merit.

**{¶22}** For the reasons stated above, this matter is remanded to the trial court on the limited basis of imposing the statutorily-mandated fine and driver's license suspension. Appellant's sentence is affirmed in all other respects.

Vukovich, J., concurs.

Waite, P.J., concurs.