[Cite as *State v. Taylor*, 2012-Ohio-5065.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 97798**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ARTHUR TAYLOR

DEFENDANT-APPELLANT

---

**JUDGMENT:**
**AFFIRMED IN PART; REVERSED IN PART**
**AND REMANDED FOR LIMITED RESENTENCING**

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-501141, CR-501835 and CR-539334

**BEFORE:** Jones, J., Blackmon, A.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** November 1, 2012

**FOR APPELLANT**

Arthur Taylor, Pro se
Inmate #602-351
1001 Olivesburg Road
P.O. Box 8107
Mansfield, Ohio 44901-8107

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Patrick J. Lavelle
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

{¶1} Defendant-appellant Arthur Taylor appeals his conviction and sentence. We affirm in part, reverse in part, and remand for limited resentencing.

I. Procedural History and Facts

{¶2} In 2007, Taylor was charged with various drug-related crimes in two cases: Case No. CR-501141 and Case No. CR-501835. In 2010, Taylor was charged again with various drug-related crimes in Case No. CR-539334. After negotiations with the state, in May 2011, Taylor pleaded guilty in Case No. CR-539334 to Count 1 of the indictment, trafficking in crack cocaine in an amount equal to or exceeding 100 grams, with a major drug offender specification, juvenile specification, one-year firearm specification, and several forfeiture specifications; and Count 15 of the indictment, trafficking in crack cocaine in an amount equal to or exceeding 100 grams, with a major drug offender specification.

{¶3} In Case No. CR-501835, Taylor pleaded guilty to Count 1 of the indictment, trafficking in crack cocaine in an amount equal to or exceeding one gram but less than five grams, with two forfeiture specifications. And in Case No. CR-501141, Taylor pleaded guilty to Count 1 of the indictment, trafficking in cocaine in an amount equal to or exceeding 10 grams but less than 100 grams, with three forfeiture specifications.

{¶4} The trial court sentenced Taylor to an 11-year prison term, which consisted of

a mandatory 11 years and a mandatory 10 years on Counts 1 and 15, respectively, in Case No. CR-539334; a one-year sentence in Case No. CR-501835; and a one-year sentence in Case No. CR-501141. The sentences on all counts and cases were ordered to be served concurrently. The trial court found Taylor indigent and waived the statutorily required fines, fees, and costs.

{¶5} In January 2012, this court granted Taylor leave to file a delayed appeal and appointed counsel. After filing a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), however, counsel's request to withdraw was granted.[1] Taylor, pro se, assigns two errors for our review:

> I. The appellant was substantially prejudiced and denied his right to effective assistance of counsel by trial counsel's failure to properly investigate and/or adequately prepare a defense and prepare for trial in violation of the Fifth, Sixth, and Fourteenth Amendments.

> II. The appellant asserts that the trial court erred to the prejudice of the appellant by sentencing him in a lack of compliance with the dictates found in Ohio Revised Code 2929.18 (b)(1) [sic] to [sic] which deprived the appellant of both his rights under the Fourteenth Amendment to the United States Constitution and to Article One Section Sixteen of the Ohio Constitution in regards to his due course and Due Process guarantees.

## II. Law and Analysis

{¶6} In his first assignment of error, Taylor contends that he was denied the effective assistance of trial counsel because his attorney did not properly evaluate the "evidence provided in discovery." According to Taylor, if counsel had properly

---

[1] In *Anders*, the United States Supreme Court set forth the procedure for court-appointed attorneys to follow if they have determined that an appeal would be wholly frivolous.

evaluated the discovery,

> he would have recognized the favorable evidence that was failed to be disclosed by the State, namely the weight of the alleged drugs in their altered form, was so close to 100 grams that it brings in to question whether the evidence was legally sufficient to convict Appellant of Felony I when the weight of the unaltered product had to have been materially less than 100 grams.

{¶7} According to Taylor, the "chain of custody was broken when the C.I. did not deliver the drugs in question but altered them into another form, by cooking them with additional inert ingredients * * * which added substantial weight to the alleged cocaine."

{¶8} Taylor additionally claims that the "State failed to disclose that the video/audio tape of the controlled buy from the confidential informant clearly shows that allegedly Appellant sold powder cocaine." Taylor states that the evidence was provided to him after he "filed" with the Ohio Disciplinary Counsel to "get his paper and records."

{¶9} Thus, Taylor seemingly contends that his counsel was ineffective because he failed to: (1) properly evaluate, and inform him of, the evidence; (2) challenge a *Brady* violation;[2] and (3) challenge a chain of custody violation. We disagree.

{¶10} A guilty plea constitutes a complete admission of guilt. Crim.R. 11(B)(1). "'By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime.'" *State v. Barnett*, 73 Ohio App.3d 244, 248, 596 N.E.2d 1101 (2d Dist.1991), quoting *United States v. Broce*, 488 U.S. 563, 570, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989). A guilty plea

---

[2]A *Brady* violation refers to the United States Supreme Court's holding in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), that the state has a duty in all criminal cases to disclose all material exculpatory evidence, and the failure to disclose such evidence results in a due process violation, thereby entitling the defendant to a new trial.

renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt. *Barnett* at *id.*, citing *Menna v. New York*, 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975).

**{¶11}** Thus, a guilty plea waives the right to allege ineffective assistance of counsel, except to the extent the errors caused the plea to be less than knowing and voluntary. *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991), paragraph two of the syllabus. For example, a counsel's failure to file a motion to suppress has been determined to be waived by a guilty plea. *State v. Kitzler*, 3d Dist. No. 16-02-06, 2002-Ohio-5253, ¶ 13. Only if there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty but would have insisted on going to trial will the judgment be reversed. *Hill v. Lockhart*, 474 U.S. 52, 52-53, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *State v. Xie*, 62 Ohio St.3d 521, 524, 584 N.E.2d 715 (1992). An appellate court reviews the record to determine if the plea was knowing, intelligent, and voluntary. *State v. McQueeney*, 148 Ohio App.3d 606, 2002-Ohio-3731, 774 N.E.2d 1228, ¶ 18 (12th Dist.).

**{¶12}** Upon review, we find that Crim.R. 11, which governs the taking of pleas to ensure that they are made knowingly and voluntarily, was complied with. We are therefore not persuaded by Taylor's contention now on appeal that "[a]fter one year in county jail, [he] felt pressured to take a plea, only believing he would get minimum sentences totalling [sic] less than six years." In compliance with Crim.R. 11, prior to the trial court accepting Taylor's plea, the maximum penalties were explained to him, including the fact that the penalties for Counts 1 and 15 in Case No. CR-539334 were a

*mandatory* 11 years and 10 years, respectively.

{¶13} Although Taylor waived his arguments by his plea, we note that his contention that he never saw the video and heard the audio recordings of the drug sales until February 2012 is unpersuasive. Further, the record demonstrates that Taylor's attorney was in possession of them; therefore there was no *Brady* violation. If Taylor truly did not have the opportunity to see and hear them, the plea hearing would have been the time to voice that concern.

{¶14} Likewise, Taylor's contention that his attorney did not properly evaluate the evidence is belied by the record. Defense counsel stated at the plea hearing that he had had "numerous meetings [with the assistant prosecuting attorney and detectives] going over videos in this case." Counsel also indicated that the case had been pretried a "number" of times and he had had on and off the record discussions about Taylor with the court.

{¶15} The record demonstrates that counsel zealously advocated for Taylor. In total, 29 crimes, with numerous specifications, were charged against Taylor in these three cases. As a result of his attorney's negotiations with the state, Taylor pleaded guilty to four of the 29 crimes. Further, his attorney advocated for, and Taylor received, the minimum sentence of 11 years.

{¶16} In light of the above, Taylor's first assignment of error is overruled.

{¶17} In his second assigned error, Taylor contends that his sentence is void and the case must be remanded for resentencing because the proper procedure for waiving the fines, fees, and costs was not followed.

**{¶18}** Under R.C. 2929.18(B)(1),

> If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender.

**{¶19}** The Ohio Supreme Court has held that:

> R.C. 2929.18(B)(1) clearly requires that a sentencing court shall impose a mandatory fine upon an offender unless (1) the offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and (2) the court determines that the offender is in fact an indigent person and is unable to pay the mandatory fine.

*State v. Gipson*, 80 Ohio St.3d 626, 631, 1998-Ohio-659, 687 N.E.2d 750.

**{¶20}** Taylor relies on the First Appellate District's decision in *State v. Fields*, 183 Ohio App.3d 647, 2009-Ohio-4187, 918 N.E.2d 204 (1st Dist.). In *Fields*, the defendant pleaded guilty to cocaine possession and having a weapon under a disability and was sentenced to a five-year prison term. The First District held that the sentence for cocaine possession was void because the trial court did not include the statutorily required fine in the sentence. In so finding, the appellate court noted that the defendant had not filed an affidavit of indigency and the trial court had not made a finding concerning the defendant's indigency or ability to pay. The appellate court therefore vacated the sentence and remanded the case to the trial court for a new sentencing hearing.

**{¶21}** The state agrees with Taylor that the trial court did not follow the proper procedure in waiving the fines, fees, and costs, but contends that the appropriate remedy is to remand the case solely for the purpose of imposing the fines, fees, and costs. In support of its contention, the state cites this court's decision in *State v. Moore*, 8th Dist.

**{¶22}** In *Moore*, the defendant was convicted and sentenced in two cases, each of which contained crimes for which fines were mandatory. The sentencing entry for the first case stated "'affidavit of indigency being filed; fine and costs are waived including mandatory fine.'" *Id.* at ¶ 2. The sentencing entry for the second case stated "'based on defendant's affidavit of indigency being filed, fine and costs are waived including mandatory fines.'" *Id.* at ¶ 3.

**{¶23}** The defendant filed a motion to "vacate and void sentence" in both cases. He contended that his sentence in both cases was void because the trial court had not imposed the mandatory fine and his attorney never filed an affidavit of indigency that would have allowed waiver of the fine. The trial court denied his motions.

**{¶24}** On appeal, this court, following *Fields*, *supra*, found that because no affidavit of indigency was ever filed in either case, the trial court was required to impose the mandatory fines. This court departed from *Fields*, however, on vacating the entire sentence and remanding for a new sentencing hearing. Instead, relying on the Ohio Supreme Court's pronouncement in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, that when an appellate court finds that a sentence imposed by a trial court is void in part, only the portion that is void may be vacated or otherwise amended, this court vacated the portions of the defendant's sentences waiving the mandatory fees and remanded for resentencing solely on that issue.

**{¶25}** Here, the trial court did make a finding that Taylor was indigent, but no affidavit of indigency was ever filed prior to sentencing in any of the three cases. As

this court stated in *Moore*, "[i]n light of *Gipson*, it is clear that an affidavit of indigency must be filed prior to the filing of the trial court's journal entry of sentencing." *Moore* at ¶ 15.

{¶26} Thus, in light of *Gipson* and *Moore*, Taylor's second assignment of error is sustained. In accordance with *Moore* and *Fischer*, the portion of Taylor's sentence waiving the mandatory fine is void, and the case is remanded for resentencing as to that issue only.

{¶27} Judgment affirmed in part and reversed in part; case remanded for resentencing as to fines, fees, and costs only.

It is ordered that appellant recover from appellee his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., JUDGE

PATRICIA ANN BLACKMON, A.J., and
SEAN C. GALLAGHER, J., CONCUR