[Cite as *State v. Keller*, 2012-Ohio-237.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

STATE OF OHIO,                             :

      Plaintiff-Appellee,                  :          Case No: 10CA39

      v.                                   :

                                           :          <u>DECISION AND</u>
JAMES W. KELLER,                           :          <u>JUDGMENT ENTRY</u>

      Defendant-Appellant.                 :          Filed:  January 12, 2012

<u>APPEARANCES:</u>

Warren N. Morford, Jr., South Point, Ohio, for Appellant.

J.B. Collier, Jr., Lawrence County Prosecuting Attorney, Ironton, Ohio, for Appellee.

Kline, J.:

{¶1}    James W. Keller (hereinafter "Keller") appeals the judgment of the Lawrence County Court of Common Pleas.  After pleading guilty to five different crimes, Keller was sentenced to a total combined prison term of six years.  Keller's appellate counsel has advised this court that, after reviewing the record, he cannot find a meritorious claim for appeal.  As a result, Keller's appellate counsel has moved to withdraw under *Anders v. California* (1967), 386 U.S. 738.  After independently reviewing the record, we agree that Keller's appeal is wholly frivolous.  Accordingly, we (1) grant counsel's request to withdraw and (2) affirm the judgment of the trial court.

I.

{¶2} On September 1, 2010, a Lawrence County Grand Jury returned a five-count indictment against Keller. After plea negotiations, Keller pled guilty to the following crimes: (1) Burglary, a third-degree felony; (2) Theft of Drugs, a fourth-degree felony; (3) Grand Theft, a fourth-degree felony; (4) Complicity to Grand Theft of a Motor Vehicle, a fourth-degree felony; and (5) Illegal Use or Possession of Paraphernalia, a fourth-degree misdemeanor.

{¶3} Keller received a total combined prison term of six years. The trial court sentenced Keller to four years for Burglary, twelve months for Theft of Drugs, twelve months for Grand Theft, six months for Complicity to Grand Theft of a Motor Vehicle, and thirty days for Illegal Use or Possession of Paraphernalia. Keller was ordered to serve the sentences for Burglary, Theft of Drugs, and Grand Theft consecutively to each other -- a total of six years in prison. Keller's will serve his remaining two sentences concurrently to the six-year prison term.

II.

{¶4} Although Keller has appealed his conviction, Keller's appellate counsel has filed both a motion to withdraw and an *Anders* brief. "In *Anders*, the United States Supreme Court held that if counsel determines after a conscientious examination of the record that the case is wholly frivolous, counsel should so advise the court and request permission to withdraw. Id. at 744. Counsel must accompany the request with a brief identifying anything in the record that could arguably support the appeal. Id. Counsel also must furnish the client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that the client chooses. Id. Once these requirements have been satisfied, the appellate court must then fully examine the

proceedings below to determine if meritorious issues exist.  Id.  If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires.  Id.  Alternatively, if the appellate court concludes that any of the legal points are arguable on their merits, it must afford the appellant the assistance of counsel to argue the appeal.  Id." *State v. Wise*, Lawrence App. No. 08CA40, 2009-Ohio-5264, at ¶11.  See, also, *State v. Taylor*, Montgomery App. No. 23833, 2010-Ohio-4276, at ¶2 (stating that an appellant must be afforded "time to file a pro se brief").

{¶5}    Upon receiving an *Anders* brief, we must "conduct 'a full examination of all the proceeding[s] to decide whether the case is wholly frivolous.'" *Penson v. Ohio* (1988), 488 U.S. 75, 80, quoting *Anders* at 744.  If we find only frivolous issues on appeal, we may then proceed to address the case on its merits without affording appellant the assistance of counsel.  *Penson* at 80.  However, if we conclude that there are nonfrivolous issues for appeal, we must afford appellant the assistance of counsel to address those issues.  *Anders* at 744; *Penson* at 80; see, also, *State v. Alexander* (Aug. 10, 1999), Lawrence App. No. 98CA29.

{¶6}    Here, Keller's counsel has satisfied the requirements of *Anders*.  And although Keller has not filed a pro se brief, Keller's counsel has raised the following potential assignment of error: "The appellant, James W. Keller, may assert as an assignment of error, that the [trial court] abused its discretion upon sentencing the appellant, James W. Keller[,] to consecutive and concurrent sentences rather than to have the five (5) sentences run concurrently."  We will examine this potential

assignment of error -- and the entire record below -- to determine whether Keller's appeal lacks merit.

III.

**{¶7}**    Keller's trial counsel asserts that the trial court might have erred by ordering non-minimum, consecutive sentences.  Instead, Keller's trial counsel contends that, perhaps, the trial court should have imposed a lesser prison term.

**{¶8}**    "Appellate courts 'apply a two-step approach [to review a sentence].  First, [we] must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law.  If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard.'"  *State v. Smith*, Pickaway App. No. 08CA6, 2009-Ohio-716, at ¶8, quoting *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, at ¶4 (alterations sic).

**{¶9}**    Here, we find that Keller's total combined six-year sentence is not clearly and convincingly contrary to law.  In analyzing whether Keller's total combined sentence is contrary to law, "[t]he only specific guideline is that the sentence must be within the statutory range[.]"  *State v. Welch*, Washington App. No. 08CA29, 2009-Ohio-2655, at ¶7 (internal quotation omitted).

**{¶10}**  Keller pled guilty to one third-degree felony and three fourth-degree felonies.  (Keller also pled guilty to a fourth-degree misdemeanor.  However, because Keller was ordered to serve his misdemeanor sentence concurrently to his felony sentences, we need not consider Keller's misdemeanor sentence in analyzing his potential assignment of error.)  "For a felony of the third degree, the prison term shall be

one, two, three, four, or five years." R.C. 2929.14(A)(3). Furthermore, "[f]or a felony of the fourth degree, the prison term shall be six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months." R.C. 2929.14(A)(4). Therefore, after being convicted of one third-degree felony and three fourth-degree felonies, Keller could have received up to eight years in prison. Accordingly, Keller's six-year prison sentence falls within the statutory range.

{¶11} Additionally, courts must consider the general guidance factors set forth in R.C. 2929.11 and 2929.12. *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, at ¶42; *Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, at ¶13. In imposing Keller's sentence, the trial court noted that it had "weighed the purposes and principles of sentencing in O.R.C. 2929.11, the seriousness and recidivism factors in O.R.C. 2929.12, and follow[ed] the guidance of O.R.C. 2929.13[.]" Judgment Entry at 2. Therefore, we find that the trial court complied with all applicable rules and statutes in sentencing Keller. And thus, we find that Keller's sentence is not clearly and convincingly contrary to law.

{¶12} Next, we address whether the trial court abused its discretion in imposing Keller's sentence. An abuse of discretion connotes more than a mere error of judgment; it implies that the court's attitude is arbitrary, unreasonable, or unconscionable. *State v. Adams* (1980), 62 Ohio St.2d 151, 157. "In the sentencing context, we review the trial court's selection of the sentence within the permissible statutory range." *Smith* at ¶17, citing *Kalish* at ¶17.

{¶13} Sentencing courts "have full discretion to impose a prison sentence within the statutory range and are [not] required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *State v.*

*Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, at paragraph seven of the syllabus; see, also, *Kalish* at ¶11.  Nevertheless, "courts must still consider the general guidance factors set forth in R.C. 2929.11 and R.C. 2929.12."  *State v. Voycik*, Washington App. Nos. 08CA33 & 08CA34, 2009-Ohio-3669, at ¶14.

**{¶14}**  We find that the trial court did not abuse its discretion.  Here, we have found nothing in the record to support the notion that Keller's sentence is unreasonably harsh under the circumstances.  Keller claims that his co-defendant received a lesser sentence than he did.  And for that reason, Keller argues that his own sentence is unreasonable.  However, the sentence imposed upon Keller's co-defendant is not in the record before us, and "our review is limited to the record transmitted on appeal."  *State v. Delong*, Adams App. No. 05CA815, 2006-Ohio-2753, at ¶5.

**{¶15}**  Accordingly, we agree that Keller's potential assignment of error is without merit.

IV.

**{¶16}**  In conclusion, we find no merit in Keller's potential assignment of error.  Furthermore, after fully examining the proceedings below, we have found no other potential issues for appeal.  Because we agree that Keller's appeal is wholly frivolous, we (1) grant Keller's counsel's motion to withdraw and (2) affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED. Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.

Harsha, J.: Concurs in Judgment and Opinion.
McFarland, J.: Concurs in Judgment Only.

For the Court

BY: _____
     Roger L. Kline, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**