[Cite as *State v. Brewer*, 2013-Ohio-309.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
MEIGS COUNTY

STATE OF OHIO,                           :

      Plaintiff-Appellee,          :          Case No: 11CA6

      v.                            :

                                    :          DECISION AND
TERRI BREWER,                            :          JUDGMENT ENTRY

      Defendant-Appellant.         :          Filed:  January 30, 2013

---

APPEARANCES:

Timothy Young, Ohio State Public Defender, and Glenn T. Jones, Ohio State Assistant Public Defender, Athens, Ohio, for Appellant.

Colleen Williams, Meigs County Prosecuting Attorney, Pomeroy, Ohio, for Appellee.

---

Kline, J.:

{¶1}   Terri L. Brewer (hereinafter "Brewer") appeals the judgment of the Meigs County Municipal Court, which convicted her of violating a protection order.  Brewer's appellate counsel has advised this court that, after reviewing the record, he cannot find a meritorious claim for appeal.  As a result, Brewer's appellate counsel has moved to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).  After independently reviewing the record, we agree that Brewer's appeal is wholly frivolous.  Accordingly, we (1) grant counsel's request to withdraw and (2) affirm the judgment of the trial court.

I.

{¶2}    On November 12, 2009, a protection order was issued against Brewer. Under the protection order, Brewer could not enter the home of Bonnie Lee Coppic (hereinafter "Coppic").  (Coppic is Brewer's mother.)  Nevertheless, on December 25, 2009, Brewer celebrated Christmas in Coppic's home.

{¶3}    Eventually, Brewer was charged with several crimes, including violating the November 12, 2009 protection order.  Brewer pled not guilty to the charges, and her case proceeded to a bench trial.  (Because Brewer was found guilty of just one count -- violating a protection order -- we need not discuss the other charges against her.)

{¶4}    At trial, the state introduced photographs that show Brewer and her children celebrating Christmas in Coppic's home.  And based on Coppic's testimony, the photographs were most likely taken on December 25, 2009.

{¶5}    At the close of the state's evidence, Brewer moved for an acquittal under Crim.R. 29.  The trial court denied Brewer's motion as to the relevant count and, eventually, convicted her of violating a protection order.

II.

{¶6}    Although Brewer has appealed her conviction, Brewer's appellate counsel has filed both a motion to withdraw and an *Anders* brief.

> In *Anders*, the United States Supreme Court held that if
> counsel determines after a conscientious examination of the
> record that the case is wholly frivolous, counsel should so
> advise the court and request permission to withdraw.
> [*Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493].
> Counsel must accompany the request with a brief identifying

anything in the record that could arguably support the appeal. Id. Counsel also must furnish the client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that the client chooses. Id. Once these requirements have been satisfied, the appellate court must then fully examine the proceedings below to determine if meritorious issues exist. Id. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id. Alternatively, if the appellate court concludes that any of the legal points are arguable on their merits, it must afford the appellant the assistance of counsel to argue the appeal. Id.

*State v. Wise*, 4th Dist. No. 08CA40, 2009-Ohio-5264, ¶ 11. *See also State v. Taylor*, 2d Dist. No. 23833, 2010-Ohio-4276, ¶ 2 (stating that an appellant must be afforded "time to file a pro se brief").

{¶7} Upon receiving an *Anders* brief, we must "conduct 'a full examination of all the proceeding[s] to decide whether the case is wholly frivolous.'" *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), quoting *Anders* at 744. If we find only frivolous issues on appeal, we may then proceed to address the case on its merits without affording appellant the assistance of counsel. *Penson* at 80. However, if we conclude that there are nonfrivolous issues for appeal, we must afford appellant the

assistance of counsel to address those issues. *Anders* at 744; *Penson* at 80; *accord State v. Keller*, 4th Dist. No. 10CA39, 2012-Ohio-237, ¶ 5.

**{¶8}** Here, Brewer's counsel has satisfied the requirements of *Anders*. And although Brewer has not filed a pro se brief, Brewer's counsel has raised the following potential assignment of error: "A trial court errs to the substantial prejudice of appellant and in violation of her rights to due process of law under the United States and Ohio Constitutions by denying appellant['s Crim.R. 29] motion as to the charge of violating a protection order."

III.

**{¶9}** Brewer's counsel asserts that the trial court possibly erred when it denied Brewer's Crim.R. 29 motion. We disagree. Here, the state introduced sufficient evidence that Brewer entered Coppic's house in violation of the November 12, 2009 protection order.

**{¶10}** "We review the trial court's denial of a defendant's Crim.R. 29 motion for acquittal for sufficiency of the evidence." *State v. Turner*, 4th Dist. No. 08CA3234, 2009-Ohio-3114, ¶ 17, citing *State v. Bridgeman*, 55 Ohio St.2d 261, 381 N.E.2d 184 (1978), syllabus. When reviewing a case to determine if the record contains sufficient evidence to support a criminal conviction, we must

> "examine the evidence admitted at trial to determine whether
> such evidence, if believed, would convince the average mind
> of the defendant's guilt beyond a reasonable doubt. The
> relevant inquiry is whether, after viewing the evidence in a
> light most favorable to the prosecution, any rational trier of

fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Smith*, 4th Dist. No. 06CA7, 2007-Ohio-502, ¶ 33, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

*See also Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

{¶11} The sufficiency-of-the-evidence test "raises a question of law and does not allow us to weigh the evidence." *Smith* at ¶ 34, citing *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). Instead, the sufficiency-of-the-evidence test "'gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" *Smith* at ¶ 34, quoting *Jackson* at 319. This court will "reserve the issues of the weight given to the evidence and the credibility of witnesses for the trier of fact." *Smith* at ¶ 34, citing *State v. Thomas*, 70 Ohio St.2d 79, 79-80, 434 N.E.2d 1356 (1982); *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus.

{¶12} Under R.C. 2919.27(A)(1), "No person shall recklessly violate the terms of * * * [a] protection order issued or consent agreement approved pursuant to section 2919.26 or 3113.31 of the Revised Code * * *." And on November 12, 2009, "a Protective Order was issued * * *, naming [Coppic], for [Brewer] not to have any contact, be around [Coppic], not enter [Coppic's] residence, school, place of employment, not interfere with [Coppic's] rights, [and] stay away from [Coppic] at least five hundred (500) yards * * *." Transcript at 34-35.

{¶13}  The state alleged that Brewer violated the November 12, 2009 protection order by entering Coppic's residence.  The state introduced photographs in support of this allegation, and Coppic testified about the photographs' significance.

Q: * * * [D]o [these photographs] portray your house?

A: Yes.

Q: And ma'am, what date do those uh, what date were those taken on?

A: I am assuming December twenty-fifth because uh [Brewer's husband] and [Brewer] were working on reconciling.

Q: Sure.  And their children are in that picture?

A: Yes.

Q: And those are the children receiving presents that they received on [December 25, 2009]?

A: Yes.

Q: And that's at your house, is that correct?

A: Yes.  Transcript at 9-10.

{¶14}  Based on these photographs, any rational trier of fact could have reasonably inferred that Brewer was in Coppic's residence on December 25, 2009.  The photographs depict Brewer celebrating Christmas inside Coppic's house.  Furthermore, the photographs show Brewer's children opening presents that, according to Coppic, the children received on December 25, 2009.  Therefore, the state introduced sufficient evidence that Brewer had entered Coppic's house in violation of the November 12, 2009

protection order.  (Brewer moved for acquittal at the close of the state's evidence.

Therefore, Brewer's own testimony is irrelevant as to whether the trial court erred in

denying her Crim.R. 29 motion.  Nevertheless, Brewer testified that she was indeed at

Coppic's house on December 25, 2009.)

{¶15}  After viewing the evidence in a light most favorable to the state, we find

that any rational trier of fact could have found all the essential elements of violating a

protection order proven beyond a reasonable doubt.  Therefore, the trial court did not

err in denying Brewer's Crim.R. 29 motion.

{¶16}  In conclusion, we find no merit in Brewer's potential assignment of error.

Furthermore, after fully examining the proceedings below, we have found no other

potential issues for appeal.  Because we agree that Brewer's appeal is wholly frivolous,

we (1) grant Brewer's counsel's motion to withdraw and (2) affirm the judgment of the

trial court.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED.  Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Meigs County Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

McFarland, P.J. & Abele, J.:  Concur in Judgment & Opinion.


For the Court


BY: _____
        Roger L. Kline, Judge



### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**