[Cite as *State v. Neu*, 2013-Ohio-616.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

STATE OF OHIO,                           :

    Plaintiff-Appellee,              :        Case No: 12CA942

    v.                               :

                                     :        <u>DECISION AND</u>
JIMMY NEU,                               :        <u>JUDGMENT ENTRY</u>

    Defendant-Appellant.             :        **RELEASED 02/08/13**

---

<u>APPEARANCES:</u>

Mark W. Evans, Cincinnati, Ohio, for Appellant.

Jimmy Neu, St. Clairsville, Ohio pro se Appellant.

C. David Kelley, Adams County Prosecutor, and Kris D. Blanton, Adams County Assistant Prosecutor, West Union, Ohio, for Appellee.

---

Kline, J.:

    **{¶1}**   Jimmy Neu (hereinafter "Neu") appeals the judgment of the Adams County Court of Common Pleas, which convicted him of two counts of sexual battery. Neu's appellate counsel has advised this court that, after reviewing the record, he cannot find a meritorious claim for appeal. As a result, Neu's appellate counsel has moved to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After independently reviewing the record, we agree that Neu's appeal is wholly frivolous. Accordingly, we (1) grant counsel's request to withdraw and (2) affirm the judgment of the trial court.

I.

**{¶2}**   Neu was indicted for two counts of rape in violation of R.C. 2907.02(A)(1)(b).  Specifically, Neu was accused of (1) "penetrating [his five-year-old daughter] with his penis" and (2) "having [his five-year-old daughter] perform oral sex on him."  September 3, 2009 Bill of Particulars.  Both counts included specifications for life sentences.

**{¶3}**   Neu agreed to take a polygraph examination, and the trial court approved a polygraph stipulation between Neu and the state.  The stipulation provides that, "[i]f Defendant denies * * * that he engaged in sexual conduct with the alleged victim and he is being truthful, charges will be dismissed by the State of Ohio."  The stipulation also contains provisions related to the polygraph administrator, the procedures for the examination, and the admissibility of the polygraph evidence.  Finally, the stipulation provides that "[a]dmissions or other culpatory statements made by the defendant before, during and after 'testing' shall be admissible and may be testified to during the trial of this case."

**{¶4}**   During the polygraph examination, Neu responded to the following questions:

> Question: Did you ever insert your penis inside [your
>
> daughter's] vagina?
>
> Answer: No.
>
> Question: Did you ever put your penis inside [your
>
> daughter's] mouth?
>
> Answer: No.

Question: Did you ever intentionally commit a sex act with

[your daughter]?

Answer: No.

According to the polygraph administrator, "Numerical analysis of the polygraph tests resulted in a conclusion of: **'Deception Indicated'** when Jimmy Neu was answering the above listed questions."  (Emphasis sic.)  Polygraph Examination Report.  As a result, the polygraph administrator believed "that Jimmy Neu was not being completely truthful during testing."  *Id.*

{¶5}    During the post-test phase of the examination, the polygraph administrator informed Neu of the results of the test.  This prompted Neu to say that "the only thing he has done sexually with [his daughter] was rub her vagina with his finger."  *Id.*

{¶6}    Shortly after the polygraph examination, Neu requested that his trial counsel withdraw from the case.  As a result, the trial court appointed different counsel for Neu.

{¶7}    Neu's second trial counsel filed several evidentiary motions, including a motion to suppress the results of the polygraph examination.

{¶8}    After plea negotiations, Neu withdrew his evidentiary motions and pled guilty to two counts of sexual battery.  The trial court then sentenced Neu to a total combined term of 11 years in prison.

II.

{¶9}    Although Neu has appealed his conviction, Neu's appellate counsel has filed both a motion to withdraw and an *Anders* brief.

In *Anders*, the United States Supreme Court held that if counsel determines after a conscientious examination of the record that the case is wholly frivolous, counsel should so advise the court and request permission to withdraw. [*Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493]. Counsel must accompany the request with a brief identifying anything in the record that could arguably support the appeal. Id. Counsel also must furnish the client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that the client chooses. Id. Once these requirements have been satisfied, the appellate court must then fully examine the proceedings below to determine if meritorious issues exist. Id. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id. Alternatively, if the appellate court concludes that any of the legal points are arguable on their merits, it must afford the appellant the assistance of counsel to argue the appeal. Id.

*State v. Wise*, 4th Dist. No. 08CA40, 2009-Ohio-5264, ¶ 11. *See also State v. Taylor*, 2d Dist. No. 23833, 2010-Ohio-4276, ¶ 2 (stating that an appellant must be afforded "time to file a pro se brief").

{¶10} Upon receiving an *Anders* brief, we must "conduct 'a full examination of all the proceeding[s] to decide whether the case is wholly frivolous.'" (Alteration sic.) *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), quoting *Anders* at 744. If we find only frivolous issues on appeal, we may then proceed to address the case on its merits without affording appellant the assistance of counsel. *Penson* at 80. However, if we conclude that there are nonfrivolous issues for appeal, we must afford appellant the assistance of counsel to address those issues. *Anders* at 744; *Penson* at 80; *accord State v. Keller*, 4th Dist. No. 10CA39, 2012-Ohio-237, ¶ 5.

{¶11} Here, Neu's counsel has satisfied the requirements of *Anders*. Nevertheless, Neu's counsel raises the following potential assignments of error: I. "MR. NEU ENTERED A LESS THAN KNOWING AND VOLUNTARY PLEA BECAUSE OF THE INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL, WHO RECOMMENDED MR. NEU AGREE TO A CONSTITUTIONALLY DEFECTIVE POLYGRAPH STIPULATION, WHICH RESULTED IN THE ADMISSION OF INCULPATORY EVIDENCE." And II. "MR. NEU ENTERED A LESS THAN [] KNOWING AND VOLUNTARY PLEA BECAUSE OF THE INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL, WHO RECOMMENDED THAT MR. NEU ABANDON FACIALLY MERITORIOUS SUPPRESSION AND LIMINAL MOTIONS AND INSTEAD ENTER GUILTY PLEAS AS PART OF A NEGOTIATED PLEA BARGAIN."

{¶12} Additionally, Neu has filed a pro se brief, in which he raises the following assignment of error: "Trial counsel provided ineffective assistance of counsel for the reasons listed in the issue[s] presented which violated the Appellant[']s rights as

guaranteed by the Sixth Amendment of the United States Constitution which led to a plea that was less than knowingly, intelligently and voluntarily made."

III.

{¶13} Neu pled guilty to both counts of sexual battery, and, significantly, "a guilty plea waives all appealable errors except for a challenge as to whether the defendant made a knowing, intelligent and voluntary acceptance of the plea." *State v. Patterson*, 5th Dist. No. CT2012-0029, 2012-Ohio-5600, ¶ 30, citing *State v. Spates*, 64 Ohio St.3d 269, 272-273, 595 N.E.2d 351 (1992). Therefore, our review of the record is necessarily limited by Neu's guilty pleas.

{¶14} Both Neu and his appellate counsel raise potential arguments based on ineffective assistance of trial counsel.

{¶15} "In Ohio, a properly licensed attorney is presumed competent. * * * The appellant bears the burden of proving that his trial counsel was ineffective." *State v. Hamblin*, 37 Ohio St.3d 153, 155-156, 524 N.E.2d 476 (1988); *accord State v. Norman*, 4th Dist. Nos. 08CA3059 & 08CA3066, 2009-Ohio-5458, ¶ 65. To secure reversal for the ineffective assistance of counsel, one must show two things: (1) "that counsel's performance was deficient * * *[,]" which "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[;]" and (2) "that the deficient performance prejudiced the defense * * *[,]" which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *accord Norman* at ¶ 65. "Failure to satisfy either prong is fatal as the accused's burden requires proof of both elements."

*State v. Hall*, 4th Dist. No. 07CA837, 2007-Ohio-6091, ¶ 11, citing *State v. Drummond*, 111 Ohio St.3d 14, 2006-Ohio-5084, 854 N.E.2d 1038, ¶ 205.

**{¶16}** When a defendant has entered a guilty plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial. The mere fact that, if not for the alleged ineffective assistance of counsel, the defendant would not have entered a guilty plea is not sufficient to establish the necessary connection between ineffective assistance and the plea. Ineffective assistance will only be found to have affected the validity of plea when it precluded defendant from entering the plea knowingly and voluntarily. The relevant inquiry is not whether defendant ultimately would have prevailed at trial, but whether defendant would have pled guilty if properly advised by counsel. (Citations omitted.) 25 Ohio Jurisprudence 3d, Criminal Law: Procedure, Section 78.

A.

**{¶17}** Initially, Neu's appellate counsel argues the following: "Neu entered a less than voluntary plea, which was the result of the ineffective assistance of his trial counsel, who counseled him to submit to a constitutionally defective polygraph agreement. That defective polygraph resulted in damaging inculpatory evidence."

*Anders* Brief of Appellate at 12.  But here, we find no arguable issues of ineffective assistance of counsel in relation to the polygraph.

**{¶18}** The Supreme Court of Ohio discussed the admissibility of polygraph examinations in *State v. Souel*, 53 Ohio St.2d 123, 372 N.E.2d 1318 (1978).  As the court held,

> The results of a polygraphic examination are admissible in evidence in a criminal trial for purposes of corroboration or impeachment, provided that the following conditions are observed:
>
> (1) The prosecuting attorney, defendant and his counsel must sign a written stipulation providing for defendant's submission to the test and for the subsequent admission at trial of the graphs and the examiner's opinion thereon on behalf of either defendant or the state.
>
> (2) Notwithstanding the stipulation, the admissibility of the test results is subject to the discretion of the trial judge, and if the trial judge is not convinced that the examiner is qualified or that the test was conducted under proper conditions he may refuse to accept such evidence.
>
> (3) If the graphs and examiner's opinion are offered in evidence the opposing party shall have the right to cross-examine the examiner respecting:
>
> (a) the examiner's qualifications and training;

(b) the conditions under which the test was administered;

(c) the limitations of and possibilities for error in the technique of polygraphic interrogation; and,

(d) at the discretion of the trial judge, any other matter deemed pertinent to the inquiry.

(4) If such evidence is admitted the trial judge should instruct the jury to the effect that the examiner's testimony does not tend to prove or disprove any element of the crime with which a defendant is charged, and that it is for the jurors to determine what weight and effect such testimony should be given. *Id.* at syllabus.

**{¶19}** In the present case, Neu's appellate counsel particularly objects to the following language in the polygraph stipulation:

[The polygraph administrator] designated by Counsel for the State of Ohio shall be permitted, if called as a witness by the State of Ohio or the defendant, to testify at trial of this case as an "expert" regarding all aspects of the testing administered, ***and such testimony shall be offered and received as evidence at the trial of this case or any subsequent case that may arise out of the polygraph examination without objections of any kind by any party to this agreement.*** (Emphasis sic.)

According to Neu's appellate counsel, the stipulation "clearly provided that <u>no one</u>, even the court could challenge the polygraph examiner's credentials, or object to his testimony concerning the manner in which he conducted the exam." *Anders* Brief of Appellant at 14.

**{¶20}** We disagree with appellate counsel's interpretation of the polygraph stipulation. The stipulation simply states that, if the results of the test are conclusive, neither party may object to the introduction of the polygraph evidence. There is *nothing* in the stipulation that (1) limits the discretion of the trial court in relation to that evidence or (2) prevents either party from cross-examining the polygraph administrator on any topic. Had Neu gone to trial, the polygraph stipulation would not have prevented him from vigorously challenging the weight of the polygraph evidence. As a result, we find (1) that the polygraph stipulation conforms to *Souel* and (2) that trial counsel's performance was not deficient in relation to the polygraph stipulation. Accordingly, any ineffective-assistance-of-counsel argument based on the polygraph stipulation would be frivolous.

B.

**{¶21}** Neu's appellate counsel also argues that "Neu entered a less than voluntary plea because his trial counsel rendered ineffective assistance of counsel in failing to pursue facially meritorious motions to suppress evidence and instead urging Mr. Neu to enter into a plea bargain." *Anders* Brief of Appellant at 17. But we find no merit in this potential argument.

**{¶22}** By pleading guilty, Neu waived any ineffective-assistance-of-counsel arguments that are based on the failure to pursue suppression motions. *See State v.*

*Taylor*, 8th Dist. No. 97798, 2012-Ohio-5065, ¶ 11, citing *State v. Kitzler*, 3d Dist. No. 16-02-06, 2002-Ohio-5253, ¶ 13; *State v. Huddleson*, 2d Dist. No. 20653, 2005-Ohio-4029, ¶ 9. Accordingly, we find that any ineffective-assistance-of-counsel arguments based on the motions to suppress would be frivolous.

C.

**{¶23}** We also reject all of the arguments under Neu's pro se assignment of error. Many of Neu's pro se arguments rely upon evidence outside the record, which we may not consider in a direct appeal. *See State v. Spires*, 4th Dist. No. 10CA10, 2011-Ohio-3661, ¶ 30. Furthermore, we cannot find ineffective assistance of counsel in relation to trial counsel's investigation of the state's evidence. Here, Neu cannot demonstrate that his plea was less than knowingly, voluntarily, and intelligently entered. *See State v. Cooper*, 8th Dist. No. 93308, 2010-Ohio-1983, ¶ 40. This is especially true considering (1) that Neu failed the polygraph examination, (2) that Neu made several incriminating statements throughout the proceedings below, and (3) that Neu's guilty pleas resulted in an 11-year sentence instead of a possible life sentence. Furthermore, a review of the colloquy at Neu's change-of-plea hearing demonstrates that Neu entered his pleas knowingly, voluntarily, and intelligently.

**{¶24}** Accordingly, we find that all of Neu's pro se arguments are frivolous.

D.

**{¶25}** In conclusion, we find no merit in either (1) appellate counsel's potential assignments of error or (2) Neu's pro se arguments. Furthermore, after fully examining the proceedings below, we have found no other potential issues for appeal. Because

we agree that Neu's appeal is wholly frivolous, we (1) grant appellate counsel's motion

to withdraw and (2) affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED.  Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

McFarland, P.J. & Abele, J.:  Concur in Judgment & Opinion.


For the Court


BY: _____
         Roger L. Kline, Judge



### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**